Baddeley v. Patterson.

No. 8536.

BADDELEY v. PATTERSON.

PLEADING.—*Complaint.*—*Demurrer.*—If a complaint contain several paragraphs, some founded on contract, and some on tort, some good and some bad, there is no available error, under the code, in overruling a demurrer to the entire complaint, assigning for causes a want of sufficient facts and a misjoinder of causes of action.

SAME.—*Arrest of Judgment.*—When a complaint contains several paragraphs, one only being good, a motion in arrest of judgment should be overruled.

JUDGMENT.—*Improper Relief.*—*Supreme Court.*—When the plaintiff is entitled to a judgment, but the judgment rendered gives relief to which he is not entitled, and no objection to the form thereof was made below, there is no remedy in the Supreme Court.

From the Hendricks Circuit Court.

*C. C. Nave*, for appellant.

BICKNELL, C. C.—Patterson paid for Baddeley $50, and signed a note for him as surety, payable to Hamrick, for $200, and Baddeley verbally agreed to give him a mortgage, with a condition in it that if the note should not be paid, or if Baddeley should undertake to sell or remove the property, then Patterson might take possession of the property as his own; it was all personal property, chiefly household furniture. Baddeley would not give the mortgage, and refused to pay the note, and Patterson had to pay it, and then Baddeley would neither reimburse Patterson nor give him the mortgage. Patterson brought this suit against Baddeley. The complaint embraced several causes of actions, to wit: For $50, money paid, laid out and expended; for the money paid as surety; a claim in replevin, supported by an affidavit that Patterson was entitled to the possession of the property, although the mortgage had never been executed; a demand that the court would decree specific performance of the agreement to give the mortgage; and, finally, a demand for foreclosure of the mortgage, the plaintiff annexing to his complaint the

blank form of a mortgage, which he averred was the kind of mortgage that the defendant had agreed to give.

Upon this complaint a writ of replevin was issued, by virtue of which the sheriff took the property and delivered it to the plaintiff.

The defendant demurred to the complaint for two causes, to wit:

1st. For want of facts sufficient to constitute a cause of action;

2d. For improper joinder of several causes of action.

The demurrer was overruled, and the defendant answered in two paragraphs, to wit:

1st. The general denial;

2d. That the defendant owns the property and is entitled to the possession of it, and that the plaintiff holds it wrongfully; wherefore defendant prays for a return of the goods and $100 for the detention thereof, and that, in default of such return, he may have judgment for the value thereof, $400.

The record does not show any reply filed to the second paragraph of answer.

The cause was tried by the court, there was a finding for the plaintiff, the defendant's motion in arrest of judgment was overruled, and a judgment was rendered in favor of plaintiff for $253.30 on account of the payment of the Hamrick note, and that the plaintiff was entitled to the possession of the property, and to the foreclosure of the promised mortgage that had never been executed.

From this judgment the defendant appealed. He assigns the following errors, to wit:

1st. The court erred in overruling the demurrer to the complaint.

2d. The court erred in overruling the motion in arrest of judgment.

The complaint was insufficient in replevin, because the facts alleged show that the plaintiff was not entitled to the possession of the goods, and that there was no unlawful detainer

by the defendant. The remedy for the breach of a contract to make a mortgage on household furniture is not replevin. A specific performance could not be lawfully decreed of such a contract, and the foreclosure of a mortgage of such property, when the mortgage had no existence, is without precedent.

The complaint, however, contained a good cause of action for the money paid, and therefore there was no error in overruling the demurrer to the entire complaint. *Bennett* v. *Preston,* 17 Ind. 291; *Owens* v. *Lewis,* 46 Ind. 488; *Bayless* v. *Glenn,* 72 Ind. 5.

There were several causes of action improperly united in the complaint, but error in the ruling upon a demurrer for that cause will not authorize the reversal of the judgment. Practice Act, section 52. The proper remedy would have been a motion to separate the causes of action or to strike out all the causes of action except the claim for the money paid. *Bayless* v. *Glenn, supra; Lane* v. *The State,* 27 Ind. 108. As to the motion in arrest of judgment, there was no error in overruling that motion, because the plaintiff was entitled to judgment upon the claim for money paid. If the defendant was not satisfied with the form of the judgment, his remedy was a motion to correct or modify it. *Higgins* v. *Kendall,* 73 Ind. 522; Buskirk's Practice, 268. No such motion was made. There is no error in the record, of which the defendant can now take advantage. The judgment of the court below must be affirmed.

PER CURIAM.—It is therefore ordered by the court, upon the foregoing opinion, that the judgment of the court below be, and it is hereby, in all things affirmed, at the costs of the appellant.