Filed April 1, 1891.

———————

14,713.

## DURHAM v. HIATT.

STATUTE OF FRAUDS.—*Agreements not to be Performed Within One Year.*— Where by the terms of a contract, it is not to be performed within the year, or where it can not be performed within the year, according to the intent and understanding of the parties, as evidenced by its terms, such contract is within the statute, and an action can not be maintained upon it. The statute of frauds has no application to a contract which may or may not be performed within a year.

SAME.—*Contract.*—*Construction.*—An oral contract whereby the plaintiff was to trade certain land belonging to the defendant for other lands, and to pay the difference in money to be furnished by the defendant, and whereby, when the trades were made, and title to the lands acquired, they were to become partners, to use the land together, sell the timber and sell the land and divide the profits " after paying back to the defendant what he was out," is not within the statute of frauds prohibiting the bringing of an action on an oral agreement not to be performed within one year.

ARREST OF JUDGMENT.—*Complaint.*—A motion in arrest of judgment will not lie if a complaint contains one good paragraph.

From the Montgomery Circuit Court.

*P. S. Kennedy* and *S. C. Kennedy,* for appellant.

*J. E. Humphries, M. D. White, W. E. Humphrey* and *W. M. Reeves,* for appellee.

McBRIDE, J.—This was a suit by appellee to recover of appellant the value of services alleged to have been rendered by appellee under an oral contract, and the only question presented for consideration by this court is, whether or not the contract is within the fifth clause of the first section of the statute of frauds. Section 4904, R. S. 1881.

The first paragraph of the complaint states the contract as follows :

" The above named plaintiff, Harmon Hiatt, complains of the above named defendant, William H. Durham, and says, that in the year 1886 the plaintiff and the defendant made an agreement and contract as follows, viz. : That the plaintiff was to go to the State of Tennessee and take charge of all lands that he might buy in said State, and manage in the sale of all timber on the same, to sell all timber for the purpose to which it was best adapted, such as railroad ties, bridge timber, cooper stuff, and fire wood, and for this service the plaintiff and defendant were to divide the profits of all sales share and share alike.   Then, after the timber was removed, the plaintiff was to have the land cut up into small tracts and sell the same to actual settlers, to be planted in fruits and vines and cultivated in tobacco ; and if possible get a colony of European fruit and vine growers to buy or lease for twenty years or more all of the lands bought by the plaintiff for the defendant under the contract, and in all land sales, leases or rents the profits were to be equally divided.   The said Durham was to furnish all the capital, and the plaintiff was to trade certain property that said Durham owned for the lands, at certain prices, and said Durham was then to furnish the money to pay the difference."   Thus far we quote the complaint.

It is then averred that plaintiff did go to Tennessee, pursuant to the terms of the contract, and did exchange much valuable property belonging to defendant for valuable lands in Tennessee, making very profitable exchanges, and also bought certain tracts of land under the contract, alleging

that he thereby acquired for defendant title to over 30,000 acres of valuable land. It is further averred that a part of defendant's property thus exchanged was a nail factory at Greencastle, Indiana, said to be valued at $75,000, which plaintiff exchanged for 23,000 acres of land, and that while said trade was made under said contract there was, as to this particular trade, the additional agreement that defendant should pay plaintiff five thousand dollars for making the same.

It is further averred that plaintiff spent seven months making said trades, and buying said land, and that defendant waited until said trades were all made, and then refused to carry them out, or furnish the money to complete the same, and that plaintiff's services were of the value of $5,-000, etc.

The second paragraph states the following as constituting the contract:

" That in the year 1886 the defendant employed the plaintiff to purchase and trade for 35,592 acres of land in the State of Tennessee; that plaintiff was to trade the property belonging to defendant for said land, and to pay the difference in money; that defendant owned one nail factory at Greencastle, Indiana, which he valued at $75,000, and $\frac{7}{12}$ of a livery stable in the city of Crawfordsville, Indiana, which he valued at $9,000, and 240 acres of land in Montgomery county, Indiana, valued at $15,000, and five lots at Indianapolis, Indiana, valued at $7,200, and one house and lot in the city of Crawfordsville, Indiana, valued at $1,200; that all of the above property was placed by the defendant in the hands of the plaintiff to trade for lands in the State of Tennessee; that the plaintiff was to have enough money to buy the other lands, and that they were then to become partners and to use the land together, sell the timber and sell the lands and divide the profits together; that the plaintiff was to have full control of said property, cut and sell the timber, and sell the lands and divide the money after paying

back to defendant what he was out." Plaintiff then avers full performance by him of the contract; that he bought and traded for the 35,592 acres of land; that defendant agreed to all the purchases and trades, and agreed to make all necessary transfers, and furnish all necessary money to complete the transaction; that defendant's money and property thus invested was of the value of $112,900, for which, by said trades and purchases, he acquired property worth $213,552, and which was, when this suit was commenced, reasonably worth $355,920. It is then averred that "it was agreed between the plaintiff and the defendant that plaintiff was to have one-half of all the profits that were made out of said lands; that plaintiff was to take charge of said lands, control the same, sell the timber, rent the lands, and sell the same in small tracts."

There are then some averments as to the character and location of the land, its proximity to shipping points, the character and value of the timber, etc.; that plaintiff spent three months buying and trading for it; that he complied with the contract, and was ready and willing, etc., but that defendant failed and refused to perform, and that plaintiff's services were reasonably worth $10,000, etc.

We have quoted all the averments of each paragraph which purport to state the contract, or any of its terms, and have given an abstract of the remaining portions of the complaint.

Defendant demurred separately to each paragraph of the complaint, but the demurrers being overruled he failed to save the question by exception.

At the proper time he moved in arrest of judgment. His motion was overruled, and he excepted. He assigns as error:

1st. The complaint does not state facts sufficient to constitute a cause of action.

2d. The court erred in overruling appellant's motion in arrest of judgment.

The first section of the statute of frauds, section 4904, R.

S. 1881, provides that : " No action shall be brought * *
*Fifth.* Upon any agreement that is not to be performed within
one year from the making thereof.

" Unless the promise, contract, or agreement, upon which
such action shall be brought, or some memorandum or note
thereof, shall be in writing, and signed by the party to be
charged therewith," etc.

As above stated, the only question presented to this court,
and argued by counsel, is whether or not the contract sued
on is within the foregoing provision of the statute of frauds.

It is not disputed that the averments of the complaint are
sufficient, if an action can be maintained on such a contract
as is here pleaded.

Where, by the terms of a contract, it is not to be performed
within the year, or where it can not be performed within
the year, according to the intent and understanding of the
parties, as evidenced by its terms, such contract is within
the statute, and an action can not be maintained upon it.
*Wilson* v. *Ray*, 13 Ind. 1.

The law, however, is well settled in this State, that to
bring a contract within this clause of the statute of frauds,
it must affirmatively appear from its terms that its stipula-
tions are not to be performed within a year after the time of
making it. It has no application to a contract which may,
or may not, be performed within a year. *Hinkle* v. *Fisher*,
104 Ind. 84, and cases there cited.

Appellant insists that the terms of the contract in ques-
tion were such that it could not be performed within a year.
That it is evident from its terms that the parties, in making
it, had in contemplation a longer period for its execution,
and that the court must judicially know that to carry it out
in accordance with their obvious intention would require not
only one year but a series of years.

While there is certainly much force in their reasoning as
applied to the contract as set out in the first paragraph, we
can not see that the second paragraph is open to this objec-

tion.  In this paragraph it is averred that defendant employed plaintiff to trade certain property in Indiana for certain property in Tennessee, and to pay the difference in money to be furnished by defendant, and that when the trades were made, and title to the Tennessee lands acquired, they were to become partners, to use the land together, sell the timber and sell the land and divide the profits, " after paying back to appellant what he was out."

The court can not say this could not all have been done within the year.  We would not be justified in saying that it affirmatively appears that it was not the intention and understanding of the parties that performance should be complete within that time.  Unlike the contract set out in the first paragraph, this contract does not provide for the clearing of the land, its division into small farms, the sale of these farms, or planting them in fruits and vines, or cultivating them in tobacco, or the importation and colonization of European fruit and vine growers to buy or lease the lands for twenty years or more.  It may be said with much force of these things, that it was obviously not the intention and understanding of the parties that they should all be done within a year.  The averments in that paragraph, however, can not be carried into the second ; each paragraph must stand by itself.

It is distinctly averred in the second paragraph that all the trades and purchases were in fact made in three months. We can not say that it was impossible, or improbable, that they should sell in nine months what they had traded for and bought in three months.

We do not decide that the contract set out in the first paragraph is within the statute of frauds.  The decision of that question is not necessary to the disposition of this case, but we do decide that the contract set out in the second paragraph is not within the statute, and that paragraph of the complaint is good.

As the question is presented it challenges the sufficiency

of the complaint as a whole, and if either paragraph is good appellant must fail. Buskirk Practice, 172, 264; *Halderman* v. *Birdsall*, 14 Ind. 304; *Miller* v. *Billingsly*, 41 Ind. 489; *Kelsey* v. *Henry*, 48 Ind. 37; *Waugh* v. *Waugh*, 47 Ind. 580; *Clarkson* v. *McCarty*, 5 Blackf. 574; Works Practice, section 1046; *Baddeley* v. *Patterson*, 78 Ind. 157; *Sims* v. *Dame*, 113 Ind. 127.

The judgment is affirmed, with costs.

Filed Jan. 13, 1891; petition for a rehearing overruled April 2, 1891.