McCabe, J.
The appellants, Hattie A. C. Eliason and William H. Eliason, sued the appellees, William B. Bronnenberg and Catherine Bronnenberg, his wife, in a complaint of six paragraphs. The first paragraph was to recover possession of a certain described 80 acres of land, claimed to belong to said Hattie, situate in said Madison county. The second paragraph sought to quiet her title, both paragraphs showing that William H. was her husband. The third and fourth para *247 graphs sought to set aside a guardian’s sale of said real estate to the appellee, William B. Bronnenberg, said sale having been made by the guardian of said Hattie, on the ground that such sale had been made without notice under an order of the Madison Circuit Court, on the petition of the guardian. Both paragraphs show that the plaintiffs are husband and wife. The superior court sustained a demurrer to the amended fifth and sixth paragraphs of the complaint, and overruled a demurrer to the second paragraph of the defendant’s answer, the first being a general denial. There was a reply in denial of the second paragraph of the answer. A trial of the issues thus formed by the court without a jury resulted in a special finding of the facts by the court, on which it stated conclusions of law favorable to the defendant, on which the court rendered judgment. The errors assigned call in question the rulings above mentioned, and the conclusions' of law. The ruling holding the second paragraph of the answer good requires no consideration at our hands, as the special finding and conclusions of law present the same question. Ross v. Banta, 140 Ind. 120, 123. The demurrer to the amended fifth and sixth paragraphs of the complaint having been sustained a different rule applies, that is, a special finding cannot present the same question that the ruling sustaining the demurrer to said paragraphs does. Ross v. Banta, supra; Barnard v. Sherley, 135 Ind. 547; Pennsylvania Co. v. Poor, 103 Ind. 553.
Therefore we are required to consider their sufficiency.
The substance of the special finding is as follows: “That on and prior to the 3d day of February, 1892, Hattie A. C. Bronnenberg was the owner in fee simple of the 80 acres of land in controversy, which is particularly described as lying in Madison county. That *248 on said day said Hattie was the wife of one Butler Bronnenberg and that they were both minors, under 21 years of age. That on said date one John H. Du-sang was by the Madison Circuit Court appointed the guardian of the person and property of said Hattie, duly qualified as such, and on said day filed in the clerk’s office of said county a duly verified petition to sell said real estate for the purpose of reinvesting the proceeds in other real estate. That on presentation of said petition to said court said Hattie and her husband appeared in said court and she requested that the order to sell be made, and the court ordered the real estate sold at private sale. That on said day said guardian filed an appraisement of said real estate by two disinterested householders and freeholders, which was duly verified, in which said real estate was appraised at $3,600.00; that thereupon said guardian filed in said court his additional bond in the sum of $7,500.00 with surety thereon, which was approved by said court, and thereupon said court ordered said real estate sold at private sale. That afterwards, on February 5, 1892, said Dusang, as such guardian, sold said real estate at private sale td the defendant, William B. Bronnenberg, by and with the consent of said Hattie, for $4,200.00; that said real estate was- not worth any more than $4,200.00. That said William B. Bronnenberg fully paid to said guardian, Dusang, the full purchase price of said real estate,to-wit: $4,200.00. That said guardian made a duly verified report of said sale of said land as having been sold at private sale to said purchaser for said sum of $4,200.00. That thereupon said court approved said sale, and ordered, said guardian to make a deed conveying said real estate to said purchaser; and said guardian in compliance with said order executed a deed as such guardian conveying said real estate to said William B. *249 Bronnenberg and he went into possession thereof, and has been in possession ever since as such owner under said deed, and has made valuable improvements thereon to the amount of $1,000.00. That said court also ordered said guardian to re-invest $4,100.00 of said .sum in the purchase of other real estate for said ward, particularly described, situated in Madison county, being 80 acres more or less, which was accordingly done under the order and approval of said court. The owner of said other real estate, Mary Childs, by warranty deed conveyed the same to said Hattie, as such ward, and the same was approved by said court, and the.purchase money being paid therefor by said guardian, said court ordered that said guardian receive a credit on account of said purchase in the sum of $4,100.00. The guardian duly accounted for the other $100.00. And said Hattie A. C. Bronnenberg and her husband, Butler Bronnenberg, moved onto said land so purchased by said guardian for her, and took possession thereof and continued in such possession up to the death of her said husband, Butler Bronnenberg. That after the death of her said husband she married her co-plaintiff, William H. Eliason, and she and her said last husband have been in possession of said real estate so purchased by her said guardian ever since, and that the same is of the value of $4,100.00. That said sale of said real estate was made by said guardian of said .Hattie without any notice thereof whatever. The substance and material part of the conclusions of law are to the effect that an infant married woman whose husband is also an infant under the age of 21 years, may have a guardian appointed for her by the circuit court in the county in which she and her husband resides and her property is situate, and such guardian may sell the real estate of such ward upon order of the proper court. That *250 the circuit court having jurisdiction, and having confirmed the guardian’s sale, the same cannot be set aside for want of notice thereof by the guardian. It is contended by the appellant that by the terms of the statute a sale by a guardian of real estate of his ward, under an order of court is void, if made without notice of such sale.
The statute provides that: “Upon such bond being filed and approved by the court, the court shall order the sale of such real estate, providing in the order for reasonable notice of such sale, the credits to be given for the payment of the purchase money, and the mode of securing the same: Provided, however, That if the appraised value of the real estate ordered to be sold shall not exceed one thousand dollars, the court may order said real estate to be sold at private sale without notice.” Section 2697, Burns’ B. S. 1894 (2533, B. S. 1881).
This statute requires the court ordering such a sale to provide in the order for reasonable notice thereof, except when the appraised value of the real estate does not exceed $1,000.00, in which case the court is authorized to order it sold at private sale without notice. But here the appraised value was $3,600.00 which makes it erroneous for the court to order it sold without providing in the order for reasonable notice of such sale, and ordering it sold at private sale, both of which the court did in this case. The order seems to have been silent on the subject of notice, but not silent as to the sale being ordered to be made private.
The land was sold at private sale without notice, which facts are set forth in the report of sale, and with these facts before the court it confirmed the sale and ordered a deed made pursuant to such sale which was done and approved, by the court. The same language was empoyed in section 114, p. 613, B. S. *251 1843, concerning guardians’ sales as that employed in the section above quoted, and this court construing the former statute in Worthington v. Dunkin, 41 Ind. at page 524, said: “We are of opinion that under these provisions notice was not contemplated in cases of private sales.” Therefore, the order in this case requiring the guardian to sell at private sale evidently contemplated a sale without notice, and must be construed as an order authorizing a private sale without notice. This was an erroneous order, but not void when collaterally attached, as is the case here. The court had acquired jurisdiction by the filing of a petition by the guardian, the appointment of appraisers and the report of their appraisement, and the execution of the additional bond to the approval of the court, as provided for in sections 2692-2696, Burns’ R. S. 1894 (2528-2532, R. S. 1881). It has been held under these sections that a sale under an order of court by the guardian without giving the additional bond required, and without afterwards accounting for the proceeds of the sale that the title and interest of the wards are not divested. McKeever v. Ball, 71 Ind. 398. It was held in that case that the filing of the additional bond was a necessary step to give the court complete jurisdiction. See Marquis v. Davis, 113 Ind. 219.
But it has been held that a guardian’s sale might be upheld where the jurisdictional step of filing the additional bond had not been taken and no such bond had been given,' if it appears that the guardian faithfully accounted for the proceeds of the sale, and that in such case the wards have no equity upon which to invoke the aid of the court to set aside the sale. Dequindre v. Williams, 31 Ind. 444; Foster v. Birch, 14 Ind. 445; Decker v. Fessler, 146 Ind. 16. In the case before us the appellant’s claim is entirely devoid of all equity. The sale was for a sum far in excess of the *252 appraised value of the land and for all the land was worth, and the proceeds have been faithfully accounted for to the ward by the guardian. But aside from this, the court making the order of sale had complete jurisdiction, and jurisdiction implies the power to decide incorrectly as well as correctly, to decide wrong as well as right. It is the imperative duty of the court to decide right,and,to followthe law,but if it be clothed with complete jurisdiction and it errs and decides wrong, the judgment is nevertheless as binding and effective upon a collateral attack as if it had decided right. It was error in the court to order the land sold at private sale, and it was error not to provide in the order for reasonable notice of such sale, and it was also error to confirm such sale. But the principles above mentioned require us to hold the sale not void, nor even voidable on this collateral attack on account of said errors or either of them. The principles mentioned have been correctly applied by this court to guardians’ and administrators’ sales off real estate. Meikel v. Borders, 129 Ind. 529, was that sort of a case. It was there said, on page 531, that: “The record shows that the Putnam Circuit Court acquired jurisdiction of the proceedings to sell the land upon a petition by the proper guardian, and that each step was taken under its supervision, and the sale of the land and deed to Diltz were approved by the court. This judgment is conclusive when questioned collaterally. Walker v. Hill, 111 Ind. 223, 235; Dequindre v. Williams, 31 Ind 444; Worthington v. Dunkin, 41 Ind. 515; Davidson v. Koehler, 76 Ind. 398; Pepper v. Zahnsinger, 94 Ind. 88.” See also to the same effect, Nesbit v. Miller, 125 Ind.106. We are therefore of opinion that the trial court did not err in its conclusions of law.
We now turn to the consideration of the fifth and sixth paragraphs of the complaint. They are substan *253 tially alike, and attempt to charge a fraudulent conspiracy between the guardian and the purchaser at the guardian’s sale, whereby it was sought by them to cheat the ward out of her land by means of a pretended guardian’s sale, under the order of said Madison Circuit Court. A material, indispensable and necessary averment in each of said paragraphs to make them good was the allegation that the purchaser at said guardian’s sale never paid the purchase money for said land. But the special finding shows that such purchase money was paid by the purchaser to the guardian. That fact was within the issues made by the third and fourth paragraphs of the complaint and the answer of general denial thereto. Therefore, we need not inquire whether the court erred in sustaining the demurrer to the fifth and sixth paragraphs of the complaint or not, for the reason that if it did so err, the error is harmless, because und,er other issues facts have been conclusively established showing that so much of those paragraphs to be untrue as to effectually overthrow and destroy them. For that reason, if any error was committed in sustaining the demurrer thereto, it was harmless. This shows that the merits of the case have been fairly determined, in which case there can be no reversal. Section 670, Burns’ R. S. 1894 (658, R. S. 1881).
No available error being presented, the judgment is affirmed.