## GILMORE v. WARD.

[No. 2,716.    Filed Feb. 10, 1899.    Rehearing denied March 28, 1899.]

PLEADING.—*Demurrer.*—A demurrer "to the plaintiff's complaint" on the ground "that neither paragraph of said complaint states facts sufficient to constitute a cause of action against this defendant" is joint, and not several, and should be overruled, unless each of the three paragraphs of complaint to which it is addressed is bad.  *p. 107.*

CONTRACTS.—*Demand.*—A suit constitutes a sufficient demand for money due on a contract.  *p. 108.*

SAME.—*Demand.*—*Complaint.*—An allegation in a complaint in an action for property due on a contract, that defendant refused to let plaintiff have the property "when demand was made by plaintiff of defendant" is sufficient to show a demand.  *p. 108.*

PLEADING.—*Exhibit.*—*Contracts.*—Specifications under which a contract was to be performed need not be made part of a complaint in an action for money due on the contract, when unnecessary to a proper construction of the contract between the parties.  *p. 109.*

SAME. — *Complaint.* — *Arrest of Judgment.* — *Practice.* — Where the court has jurisdiction of the subject-matter, and has acquired jurisdiction of the parties, the judgment will not be arrested, if the complaint contains one good paragraph.  *p. 109.*

From the White Circuit Court.  *Affirmed.*

*Frank Foltz, C. G. Spitler, H. R. Kurrie, E. B. Sellers* and *W. E. Uhl,* for appellant.

*A. W. Reynolds* and *A. K. Sills,* for appellee.

ROBINSON, J.—Overruling a demurrer to the complaint and a motion in arrest of judgment are the only errors assigned.   The complaint is in three paragraphs.   The following demurrer to the complaint was filed: "The above-named defendant demurs to the plaintiff's complaint in the above entitled cause, and, for cause of demurrer, says all and severally, the following: (1) That the said complaint does not state facts sufficient to constitute a cause of action against the defendant; (2) that neither paragraph of said complaint states facts sufficient to constitute a cause of action against this defendant."

Gilmore *v*. Ward.

It is argued by appellee's counsel that this demurrer is joint, and not several. This view is suported by the authorities. The body of the demurrer is addressed to the whole complaint. The whole complaint is alleged to be bad, and one reason assigned is that neither paragraph is good. If the body of the demurrer is joint, it cannot be changed by assigning the causes separately. *Silvers* v. *Junction R. Co.*, 43 Ind. 435; *City of Connersville* v. *Connersville, etc., Co.*, 86 Ind. 235. Thus a demurrer which read, "The plaintiff demurs to the second, third, fourth, fifth, and sixth paragraphs of the answer of the defendants, and assigns for cause that neither of said second, third, fourth, fifth, and sixth paragraphs of answer alleges facts sufficient to constitute a defense to the plaintiff's cause of action," was held to be joint. *Stanford* v. *Davis*, 54 Ind. 45. In *Meyer* v. *Bohlfing*, 44 Ind. 238, a demurrer as follows: "The said defendant demurs to the first, second, and third paragraphs of the complaint for the following reasons: 1st. The same do not, nor does either of them, state facts sufficient to constitute a cause of action against said defendant,"—was held a joint demurrer. In *Washington Tp.* v. *Bonney*, 45 Ind. 77, the following demurrer was held to be joint: "Come now the plaintiffs in the above entitled cause by their attorneys, and demur to the second, third, and fourth paragraphs of defendant's answer, for the following grounds of objections: (1) Said paragraphs of said answer, nor either of them, state facts sufficient to constitute a cause of defense to said plaintiff's complaint." In *Cooper* v. *Hayes*, 96 Ind. 386, the following was held to be a demurrer to the entire complaint: "Now at this time come Samuel Cooper and Anna Cooper, defendants, and demur to the first and second paragraphs of plaintiff's complaint, for the reason that the same, and neither one of the same, constitute a cause of action against the said defendants herein named." It follows that, unless each of the three paragraphs of the complaint is bad, the demurrer was properly overruled.

The second paragraph of the complaint avers that appellant agreed to pay appellee five and one-half cents per cubic yard for all dirt removed from a certain ditch, according to the specifications for the ditch,—twenty-five per cent. to be paid at the end of the first, second, and third months, provided appellee work steadily, after deducting the price of two black mares, which was $150; all that was due appellee to be paid when the ditch was finished and accepted by surveyor; that appellee performed all the conditions on his part to be performed; "that plaintiff was to receive two black mares, and pay therefor $150, by deducting that amount from what was due him for said work, but the defendant refused to let plaintiff have said mares when demand was made by plaintiff of defendant; that said work he was to do under and by virtue of said contract has been performed, and accepted by said surveyor;" that appellee had removed 5,000 yards of dirt, according to the specifications, and by virtue of his contract, a copy of which is made an exhibit. The contract provided that after deducting the price of the two mares, $150, all that was due Ward should be paid when the ditch was completed and received by the surveyor. This paragraph of complaint is to recover money due on a contract, and in such cases it is held that the suit constitutes a sufficient demand. *Olvey* v. *Jackson,* 106 Ind. 286, and cases cited; *Bertha* v. *Sparks,* 19 Ind. App. 431.

Even if a demand was necessary, we think the averments of the complaint show such was made. The theory of the complaint is not to recover a monthly payment, but it is to recover the total amount due on the completion of the work. Construing the averments of the complaint and the contract together, the mares were to be delivered on the completion of the work, and we think the complaint shows a demand for them. At any rate, the complaint must be held to show that appellant had notice of the completion of the work under the contract. The written contract between the parties is the foundation of the action; the work was to be done in a

certain manner, which is set out, and accepted by the surveyor, which was done. An exhibit of the specifications, under the averments, was not necessary to a proper construction of the contract between the parties. The second paragraph of complaint states a cause of action.

There was a general verdict. A motion in arrest of judgment was overruled. But the rule is well settled that where the court has jurisdiction of the subject-matter, and has acquired jurisdiction of the parties, the judgment will not be arrested if the complaint contains one good paragraph. *Lange* v. *Dammier*, 119 Ind. 567; *Durham* v. *Hiatt*, 127 Ind. 514; *Sims* v. *Dame*, 113 Ind. 127; *Baddeley* v. *Patterson*, 78 Ind. 157; *Waugh* v. *Waugh*, 47 Ind. 580; *Kelsey* v. *Henry*, 48 Ind. 37; *Peden* v. *Mail*, 118 Ind. 556. Judgment affirmed.