## KENNEY, RECEIVER, v. WELLS ET AL.

[No. 2,966.   Filed December 12, 1899.]

BILLS AND NOTES.—*Consideration.*—An answer in an action on a promissory note alleging that the note was executed to take the place of a note past due, secured by a mortgage on a threshing machine, upon the agreement that the payee, in consideration thereof, waived his right to take possession of the property upon the maturity of the second note, and until such time as the defendants should be able to reimburse themselves out of the proceeds of running the machine, but that the payee took possession of the property before the defendants were reimbursed, shows a failure of consideration in the execution of the note.   *pp. 490-492.*

PLEADING.—*Demurrer.*—A demurrer to the second and third paragraphs of answer for the reason "that neither of said paragraphs states facts sufficient to constitute a defense to this action," is a joint demurrer, and if not good as to both paragraphs it need not be considered as to either.   *p. 492.*

APPEAL AND ERROR.—*Instruction.*—*Theory.*—A cause will not be reversed on the ground that an instruction does not correctly state the issue, where it is stated in the appellee's brief that the cause was tried on that theory, and the pleadings fairly admitted of such theory.   *pp. 493, 494.*

From the Knox Circuit Court.   *Affirmed.*

*W. H. DeWolf* and *W. C. Johnson*, for appellant.

*L. A. Meyer, W. A. Cullop* and *C. B. Kessinger*, for appellees.

COMSTOCK, J.—The appellant asks a reversal of the judgment rendered in this case in the court below for two reasons:  (1) Because the court erred in overruling the demurrer of the appellant to each paragraph of the separate answers of the appellees; (2) because the court erred in overruling appellant's motion for a new trial.

The suit is upon a promissory note executed by one Thomas F. Jarrell and the appellees.  The appellees alone defended.  Jarrell was defaulted, but no judgment was rendered against him.  The complaint alleges, in substance, that C. Aultman & Company is a corporation organized

under the laws of Ohio, and that on December 18, 1893, in the Marion Circuit Court, William A. Lynch and Edward T. Kenney were appointed receivers of the assets of the corporation; that said Kenney qualified, but that said Lynch did not qualify; that, as such receiver, Kenney took possession of all the property of said corporation and is still acting as such receiver; that there came into his hands two promissory notes payable to said corporation, executed by the defendant, Thomas F. Jarrell, upon which payments had been made, and that afterwards in settlement of the balance due upon such notes, the defendants executed the note in' suit, payable to the plaintiff by the style of C. Aultman & Company; that the note is due and unpaid, except the sum of $192.76, which has been paid. A copy of the note is filed with the complaint.

The appellant's demurrers to the amended second and third paragraphs of answer were overruled. The substance of the "amended second paragraph" is: that they executed the note in suit; that Jarrell was indebted to the plaintiff in the amount of two promissory notes, which notes were secured by a chattel mortgage, executed by Jarrell to C. Aultman & Company, upon certain personal property, consisting of a separator, a truck, and stacker and fixtures belonging thereto, also one Star stacker complete, and one two-horse engine; that the first note secured by the mortgage was due and unpaid; the second note was not due, and that by the provisions of the mortgage the plaintiff was entitled to take possession of the property because of the default in the payment of the note past due; that appellees were requested and solicited by plaintiff to execute the note in suit, and that plaintiff agreed that if the appellees would execute the note he would waive his right to take possession of the mortgaged property and his right to foreclose the mortgage "upon the maturity of the note, not then due, in favor of these defendants, and until such time as these defendants should be able to reimburse themselves out of the proceeds of running the

machine;" that appellees thereupon executed the note, and in consideration thereof appellant waived his right to take possession of the property and the lien of his mortgage upon the maturity of the second note, and defendants took possession of the property with the consent of Jarrell and the plaintiff, and operated the same; and that afterwards, and before the proceeds of the machine were sufficient to reimburse the appellees, appellant, without the consent of appellees, took possession of the property described in the mortgage, and converted the same to his own use, by reason whereof the consideration of the note has failed.

The third paragraph is in all respects the same as number two, except that it is filed as a counterclaim.

Under the first specification of the assignment of errors it is argued by appellant that the facts set out in the second paragraph do not amount to a failure of consideration. The answer shows a valid consideration for the execution of the note. It shows also a violation of the contract when appellant took possession of and converted to his own use the property mentioned in the answer, without the consent of appellees, thus taking from them the machinery before they had been enabled to earn, by its use, the amount sufficient as by the terms of the agreement they were to be permitted to do to discharge the note. It avers a violation of the agreement for the use of the machinery, which was the consideration for its execution by the appellees. The demurrer is in the following language: "The plaintiff demurs to the second and third paragraphs of the defendants Wells and Brocksmith's answer herein and says that neither of said paragraphs states facts sufficient to constitute a defense to this action." It is a joint demurrer, and not being good as to the second paragraph, we need not further refer to the third. See *Gilmore* v. *Ward*, 22 Ind. App. 106, and authorities there cited.

Of the reasons set out in the motion for a new trial and discussed by appellant are : (1) That the verdict of the

jury was not sustained by sufficient evidence; (2) that the verdict of the jury is contrary to the evidence. An examination of the record discloses that there is evidence fairly tending to support the verdict. These reasons, therefore, are not well founded. The only other reason for a new trial, referred to by appellant, is that the court erred in giving instruction number one, asked by defendants. The instruction is in the following language: "The court instructs the jury that if you find from the evidence that the consideration and the only consideration for the execution of the note sued on was that the defendants Wells and Brocksmith were to have the property mentioned in their answer and use it until it earned sufficient over and above the operating expenses to reimburse them for the liability incurred on account of the execution of the same, and you further find that before it had earned such amount the plaintiff took possession of the same and sold it without their consent, and you find the defendants turned over the surplus above running expenses to the plaintiff, then the court instructs you the consideration for the unpaid balance of said note failed, and your verdict should be for the defendants."

It is claimed that this instruction does not correctly state the issue; that it is founded upon the theory that appellant agreed to give the appellees the use of the machinery until by operating it they could make enough to pay the note in suit. In the brief of appellees' counsel, it is stated that this was the theory upon which the cause was tried. The pleading fairly admitted of this theory. The objection is not well taken. These are all the questions discussed by appellant.

Counsel for appellees have asked that this appeal be dismissed because Jarrell, whom they claim is a necessary party to the appeal, has not been made a party. They also earnestly argue that the questions raised by the motion for a new trial can not be considered because the evidence is not properly in the record.

Having reached the conclusion that the judgment should be affirmed upon its merits, we have treated the appeal as properly taken, and the evidence as in the record. Judgment affirmed.