## BOUSHER ET AL. *v.* ANDREWS ET AL.

[No. 7,163.   Filed November 22, 1911.]

1. QUIETING TITLE.—*Complaint.*—A complaint, alleging that the plaintiffs own certain real estate, and that defendants claim an interest therein, which claim is unfounded and constitutes a cloud upon plaintiff's title, will be held sufficient.   p. 665.

2. QUIETING TITLE.— *Ownership.— How Alleged.— Complaint.*—A complaint alleging that the plaintiffs were tenants by the entirety of certain land and that they are entitled to the free and uninterrupted possession thereof, shows ownership sufficiently to withstand a demurrer.   p. 666.

3. QUIETING TITLE.—*Issues.—Evidence.*—In a suit to quiet title, the defendants may introduce evidence of any right which they may claim, the claim of any right by defendants being necessarily adverse to the ownership in fee by the plaintiff.   p. 666.

4. QUIETING TITLE.—*Possession.—Evidence.*—In a suit to quiet title, the plaintiffs alleging their ownership and right to possession, and the defendants pleading a general denial, evidence of an easement claimed by defendants is admissible.   p. 666.

5. PLEADING.— *Judgment.— Motion in Arrest.— Complaint.— Paragraphs.*—A motion in arrest of judgment should be overruled where any one of the paragraphs of complaint is good.   pp. 667, 668.

6. QUIETING TITLE.—*Description.—Complaint.*—In a suit to quiet title, a description of the land in question as "twenty acres off of the west side of the northwest quarter of the northwest quarter" of a certain section, is sufficient.   p. 667.

7. PLEADING. — *Complaint. — Paragraphs. — Motion in Arrest. —* Where the paragraph of complaint on which the judgment rests is sufficient on demurrer, a motion in arrest should be overruled, regardless of the sufficiency of the other paragraphs.   p. 668.

From White Circuit Court; *James P. Wason,* Judge.

Suit by Frank Andrews and another against Mary Bousher and others. From a decree for plaintiffs, defendants appeal. *Affirmed.*

*Alfred W. Reynolds, Addison K. Sills* and *Addison K. Sills, Jr.,* for appellants.

*Truman F. Palmer, Benjamin F. Carr* and *George F. Marvin,* for appellees.

MYERS, J.—Appellees brought this suit against appellants to quiet their title to certain real estate in White county, and to enjoin appellants from interfering with a certain gate.

The issues submitted to the court for trial were formed by a complaint in three paragraphs, with an answer of confession and avoidance, a denial to the first paragraph, and a reply thereto in denial, and a general denial to the other paragraphs. There was a finding and judgment in favor of appellees on the second paragraph of the complaint.

Appellants' separate and several demurrers for want of facts to said second paragraph were overruled, as was also the motion by each appellant in arrest of judgment. These rulings of the court are made the basis for a separate assignment of error by appellants severally. Both assignments of error are predicated on the insufficiency of the second paragraph, in that it does not state a cause of action; and that, for lack of a definite description of the real estate, there could be no valid judgment.

As to the first assignment, it appears from the paragraph in question that appellees are husband and wife, and own as tenants by the entirety, and are entitled to the 1. free and uninterrupted possession of, a certain twenty-acre tract of land in White county, Indiana, to which each appellant claims some right, title, interest and easement, and the free right to pass over a strip thereof along its entire west line; that said claim of each appellant is unfounded and without right, and that appellees' title to said real estate is superior and paramount to any pretended claim of appellants, or either of them.

This paragraph proceeds upon the theory of a suit to quiet title, a proceeding which is now regarded as essentially

statutory (*Seymour Water Co.* v. *City of Seymour* [1904], 163 Ind. 120; *Puterbaugh* v. *Puterbaugh* [1892], 131 Ind. 288, 15 L. R. A. 341); and were it not for the pleaders' lack of care in its preparation, there would be no basis for the reasonable and persuasive argument here urged against it.

Section 1116 Burns 1908, §1070 R. S. 1881, authorizes one having an interest in real property to maintain a suit to quiet his title thereto against another who claims an interest adverse to him. Under this section of the statute, a complaint showing that the plaintiff is the owner of the real estate described therein, and that the defendant in the action claims an interest in the same land, and that such claim is adverse to the title so asserted by plaintiff, will be held sufficient. *Rennert* v. *Shirk* (1904), 163 Ind. 542.

While this paragraph does not state the precise character of the title claimed by appellees, yet it does show that they own the land as tenants by the entirety, and are entitled to the free and uninterrupted possession thereof. This was a sufficient allegation of ownership to withstand a demurrer. *Hall* v. *Hedrick* (1890), 125 Ind. 326; *Mitchell* v. *Bain* (1895), 142 Ind. 604.

As to the appellants, it is alleged that they are claiming an easement and right at will to cross said land, which claim is alleged to be unfounded and without right. If we may assume that this controversy was over a right of way across appellees' land, that right is denied, and under the issues the same evidence was admissible as if appellees were claiming title to the land in fee simple. *Hall* v. *Hedrick, supra*. The law regards any claim of title to real estate by one as necessarily adverse to another who owns the fee. *Dumont* v. *Dufore* (1866), 27 Ind. 263. The alleged easement claimed by appellants affected appellee's right to possession, an element ordinarily enjoyed without hindrance by the owner, and here the right to possession is put in issue by the allegation that appellees are entitled to the free and uninterrupted

possession of the land in question. Therefore, if appellees owned the land, and were entitled to the free and uninterrupted possession thereof, the claimed rights of appellants were certainly adverse to the alleged rights of appellees, and, this being true, it follows that the facts alleged in this paragraph show existing adverse interests, which, under the statute to which we have referred, entitled the parties to an adjudication of their claims in a suit to quiet title. *Rausch* v. *Trustees, etc.* (1866), 107 Ind. 1; *Weaver* v. *Apple* (1897), 147 Ind. 304; *Corbin Oil Co.* v. *Searles* (1905), 36 Ind. App. 215; *City of LaFayette* v. *Wabash R. Co.* (1902), 28 Ind. App. 497.

Considering the motion in arrest of judgment, the rule is that where such motion is addressed to a complaint containing more than one paragraph, unless all are so

5. bad as not to be cured by the verdict or finding, the motion will be overruled. *Sims* v. *Dame* (1888), 113 Ind. 127; *Durham* v. *Hiatt* (1891), 127 Ind. 514; *Peden* v. *Mail* (1889), 118 Ind. 556; *Gilmore* v. *Ward* (1899), 22 Ind. App. 106. But in the case before us, the motion is made to apply to the paragraph on which it affirmatively appears from the record that the judgment rests.

In support of this motion it is insisted that that paragraph was insufficient, for the reason that it did not contain a definite and certain description of the land, the

6. title to which was sought to be quieted. The description was as follows: "Twenty acres off of the west side of the northwest quarter of the northwest quarter of section nine, township twenty-seven north, range three west," in White county, Indiana. The description certainly pointed out the land, and that is all that was required. The paragraph was good as against a demurrer, and the defect pointed out did not affect the merits of the cause. The motion was properly overruled. *Howe Machine Co.* v. *Reber* (1879), 66 Ind. 498; *City of LaFayette* v. *West* (1900), 43 Ind. App. 325. "Such motions address themselves to the

entire complaint, and if a single paragraph is sufficient the motion must fail. A single paragraph of such pleading can alone be successfully assailed by a demurrer.'' *Louisville, etc., R. Co.* v. *Fox* (1885), 101 Ind. 416. A motion in arrest of judgment on the whole complaint and on each paragraph was overruled, and this ruling was sustained, on the theory that one paragraph was good. *Spahr* v. *Nicklaus* (1875), 51 Ind. 221. Where it appears that the judgment is founded upon a paragraph sufficient as against a demurrer, a motion in arrest should be overruled, regardless of the other paragraphs. *Price* v. *Boyce* (1894), 10 Ind. App. 145.

Judgment affirmed.