## GILLISPIE ET AL. v. DARROCH, GUARDIAN, ET AL.

[No. 8,418.  Filed January 6, 1915. ]

1. PLEADING.—*Demurrer.*—*Memorandum of Defects.*—*Waiver of
Defects.*—Under §344 Burns 1914, Acts 1911 p. 415, providing that
when a demurrer is filed to a complaint for want of sufficient
facts, a memorandum shall be filed therewith stating wherein the
complaint is insufficient, a defendant contending that the com-
plaint of a guardian to set aside a sale of his ward's real estate
is insufficient for want of facts, because it shows upon its face
that the action was not brought by the real party in interest,
waives the objection by failing to specifically point out same in
the memorandum accompanying the demurrer.  p. 488.

2. GUARDIAN AND WARD.—*Sale of Land.*—*Action to Set Aside.*—A
complaint by a guardian to set aside a sale of his ward's real
estate, made by a former guardian on order of court, alleging
that defendants had imposed on the former guardian and on the
court in causing them to believe that the land, which was worth
$3,500, was worth but $1,200, and had it appraised and sold for

that amount, was not insufficient for failure to negative repayment of the purchase price. (*Eliason* v. *Bronnenberg* [1897], 147 Ind. 248, distinguished.) p. 489.

3. LIS PENDENS.—*Purchaser's Pending Suit.—Notice.—Arrest of Judgment.*—Where an action was begun to set aside a guardian's sale of real estate, and *lis pendens* notice was properly placed of record, persons who thereafter purchased the real estate from defendant and were admitted as parties defendant, were in no stronger position than their grantor, and, since the complaint was sufficient as against such grantor, there was no error in overruling their motion in arrest of judgment, where the insufficiency of the complaint was the only reason urged in support of the motion. p. 489.

4. FRAUD.—*Evidence.—Inference from Circumstances.* — Fraud is never to be presumed, but it may be inferred from circumstances and need not be proved by direct or positive evidence. p. 490.

5. GUARDIAN AND WARD.—*Sale of Land.—Duty of Court.*—Not only is a guardian charged with the duty of protecting the interests of his ward on a sale of the latter's real estate, but it is also the duty of the court to see that exact justice is done in such matters, and mere technicalities will not warrant a court in upholding a sale that results in wrong and injustice to the ward. p. 491.

6. GUARDIAN AND WARD.—*Sale of Land.—Action to Set Aside.—Appointment of Guardian Ad Litem.—Harmless Error.*—In an action by a guardian to set aside a sale of his ward's real estate made by a former guardian, in which subsequent purchasers came in and filed a cross-complaint to quiet their title, the error in appointing a guardian *ad litem* for the ward and allowing him to answer such cross-complaint, was not cause for reversal, where such ward in addition to being represented by her proper guardian was also in court by her attorney in the main action, and especially not at the instance of defendants, since only the ward could be harmed by such proceeding. p. 492.

7. QUIETING TITLE.—*Issues.—Fraud.—General Denial.*—In an action to set aside a guardian's sale of his ward's real estate on the ground of fraud, in which subsequent purchasers filed a cross-complaint to quiet their title, proof of fraud as a defense was admissible under the general denial to such cross-complaint. p. 492.

From Newton Circuit Court; *Charles W. Hanley,* Judge.

Action by William Darroch, as guardian of Clara C. Jensen, and another, against Bernard A. Gillispie and others. From a judgment for plaintiffs, the defendants appeal. *Affirmed.*

*William J. Whinery* and *Erie G. Sproat,* for appellants.
*Daniel Fraser, Will Isham* and *William Darroch,* for appellees.

SHEA, J.—Appellee, as guardian of Clara C. Jensen, a minor, brought this suit against appellant to set aside a guardian's deed executed under the order of the Newton Circuit Court by Ronald R. Cummings, guardian of Clara C. Jensen, and appellee's predecessor in that capacity. The amended complaint charges in substance the following facts: That appellee is the duly appointed, qualified and acting guardian of Clara C. Jensen, a minor; that at and before May, 1911, said minor was the owner of eighty acres of land in Newton County, Indiana; that the real estate was improved and the improvements in a good state of preservation; that at said time the land had a rental value of more than $100 per year and a market value of $3,500, being wholly unencumbered except for current taxes amounting to less than $32. That the ward was slightly indebted for taxes and costs advanced from time to time by the guardian in a sum less than $110; that William Cummings had been guardian of Clara C. Jensen for many years, and at his death in 1907, Ronald R. Cummings, his son, was appointed guardian and succeeded his father. That Ronald R. Cummings resided in Kentland, far distant from the land in controversy, and had no knowledge of its value or state of repair and was desirous of having the immediate use and repayment of money advanced by himself and father in payment of taxes and costs; that appellant Bernard A. Gillispie knew the value of the land, and with the intent to cheat and defraud the minor and obtain the land at a small fraction of its value, conspiring with his brother James Gillispie, and other persons unknown to appellee, represented to the guardian that the land was not worth to exceed $1,200; that it had no rental value and that the buildings were out of repair and the land was going to

waste and depreciating in value; that the guardian was induced by the false representations of appellant and those acting for him, to file a petition in the Newton Circuit Court for the sale of the real estate for the purpose of enabling the said Bernard A. Gillispie to purchase same, and to that end the guardian caused the real estate to be appraised by two residents of Kentland who had no knowledge of the value of same, but who unwittingly placed thereon the value fixed by appellant and the persons confederating with him, so that the real estate was appraised at $1,200 when same was in fact worth from $2,400 to $3,200; that said application was not in good faith for the interest of said ward, but was procured and brought about by appellant and others for the purpose that appellant could purchase the real estate at said appraisement, and for much less than its real market value, and the judge of the Newton Circuit Court "in entertaining and acting upon said petition was misled as to the necessity of the sale of the real estate; that the true cash value of said real estate was concealed from the court and the true condition of said real estate was either concealed from the court or misrepresented, so that an order apparently regular was made and entered at the May term, 1911, for the sale of said real estate at private sale"; that the court fixed no time for which notice should be given, nor did the order of court require a publication of the notice of the sale or provide for any such notice as was likely to make any competition for the purchase of the real estate. Afterward, appellant acting by and with other persons confederated with him and by and with James Gillispie, procured the court to approve a sale of said real estate to Bernard A. Gillispie for the sum of $1,200, which was less than one-half of the value of the real estate; that the guardian unwittingly relied upon and trusted appellant and his brother James Gillispie to post notices of the sale of the real estate, and James Gillispie filed an affidavit which was submitted to the court by

the guardian stating that notices had been posted in the township, when in fact no notices of sale were posted or permitted to remain posted for even an hour. That the ward had no notice or knowledge of the contemplated sale of her real estate, residing in the city of Indianapolis during that time, and that a brother of the ward resided in the neighborhood, and although a person of intelligence and business sagacity, he was not consulted, and had no notice of the sale., That "Bernard A. Gillispie, conspiring and confederating with other persons unknown to the plaintiff, and with his brother James Gillispie, for the purpose of cheating and defrauding said ward, concealed the fact that the proceeding was pending and said sale contemplated, both from said ward and her brother and all disinterested persons"; that James Gillispie procured the deed to be taken in the name of Bernard A. Gillispie, and furnished and provided the sum of $1,200 which was paid to the guardian for the sale of the real estate, and immediately after the sale was made Ronald R. Cummings resigned his trust on the same day and paid into court $1,000 of said purchase money and retained to reimburse himself and pay expenses of sale the sum of $200. That immediately thereafter appellee was appointed guardian and has the custody of the sum of $1,000 which he now offers to return, together with the residue of the purchase money from his own funds, or he submits to the court that such order be made for the return of the purchase money as may seem just; that he did not tender back the purchase money because appellant is insolvent and pretended and held out to appellee that he had conveyed or attempted to convey said real estate to some other of his confederates. Prayer that the pretended sale be set aside and held for naught, and all other proper relief.

Appellant Bernard Gillispie filed a demurrer to the complaint which was overruled. Answer in general denial. The cause was tried by the court. Finding and judgment for

appellee setting aside the guardian's deed executed by
Ronald R. Cummings guardian, to appellant Gillispie, de-
claring the deed void, and ordering same cancelled and that
the title to the real estate be quieted.   Thereafter Gillispie
filed his motion for a new trial as of right, which was
granted, and the judgment theretofore entered set aside.
Thereafter Joseph and Mary Evans filed their verified ap-
plication for leave to be made parties defendant in the
cause, setting up that they were the owners of the land,
having become such by virtue of a conveyance to them by
Bernard Gillispie by warranty deed, and payment to him
of a consideration of $2,500; that they had no knowledge
of the pendency of the action, being residents of Illinois.
The application was granted and they then filed an answer
to appellee's complaint in general denial, also a cross-com-
plaint to quiet their title to the real estate in controversy.
The application for leave to intervene, and the pleadings
filed by Evans and Evans were so filed long after *lis pendens*
notice had been properly filed and made a matter of record.

Appellee Darroch, as guardian of Clara C. Jensen, minor,
filed answer in general denial to the cross-complaint of
Evans and Evans.   Appellee's attorney then moved the
court for an order to make Clara C. Jensen a party to
the suit, and that a guardian *ad litem* be appointed to file
answer for her to the cross-complaint.   Over objection of
Evans and Evans the motion was sustained, and appellee
Darroch appointed guardian *ad litem,* and as such he filed
an answer in general denial for Clara C. Jensen to the cross-
complaint.   Appellants Evans and Evans made a motion to
strike out the answer of Clara C. Jensen filed by appellee
Darroch, guardian *ad  litem,* which was overruled.   Over
appellants' motions for a new trial and in arrest of judg-
ment the court rendered judgment setting aside for fraud
the pretended sale of the real estate; that Evans and Evans
take nothing by their cross-complaint and the clerk was
directed to cancel the guardian's deed.

The errors assigned are the overruling of the demurrer to the amended complaint, and the motions in arrest of judgment and for a new trial. It is earnestly argued that the complaint is bad because it shows upon its face that the action was brought by the guardian of a minor without authority of law, and that the question was properly raised by a demurrer for want of facts.

This case was filed and tried after the taking effect of the act of March 4, 1911 (Acts 1911 p. 415, §344 Burns 1914), which contains the following provision: "Provided, That when a demurrer to any complaint is filed on the ground that the complaint does not state facts sufficient to constitute a cause of action, a memorandum shall be filed therewith stating wherein such pleading is insufficient for want of facts, and the parties so demurring shall be deemed to have waived his right thereafter to question the same for any defect not so specified in such memorandum." Appellants' learned counsel ingenuously argue that the statute does not require that the memorandum shall point out the particular thing in the complaint complained of, namely, that the suit is not brought in the name of the real party in interest, for the reason that it would give to a party some substantive right to which he was not entitled. This argument, if adopted, would wholly destroy the purpose of the statute. It also places appellants in the inconsistent position of seeking to come within the provisions of a statute, and yet avoid one of its requirements. In other words, if the question of the right of the guardian to maintain this action is properly raised by a demurrer for want of facts, the specific objection must have been pointed out in the memorandum, and a failure to do so waives the objection. Appellants having failed to make the specific objection in the memorandum in this case, waived it. The court has lately construed this statute with approval. In the case of *Stiles* v. *Hasler* (1914), 56 Ind. App. 88, 92, 104 N. E. 878, the court in

passing upon this question uses this language: "Both the history of the passage of such act and its language necessitate the conclusion that by it the legislature intended to require that such memorandum should point out in clear, explicit and unambiguous language each particular insufficiency of the pleading demurred to, on which the demurring party relies; and, to permit him to cover up or conceal from the trial court by ambiguous or uncertain language or phraseology the objection intended to be urged and relied on in the appellate tribunal would be to defeat the intent and purpose of the law and make it a weapon by which appellate procedure would be complicated rather than simplified. *State, ex rel.* v. *Bartholomew* (1911), 176 Ind. 182, 192, 95 N. E. 417 [Ann. Cas. 1914 B 91]." We need not, therefore, consider the merits of the question as attempted to be presented by the demurrer upon this point.

It is further urged in support of the demurrer that the complaint does not negative the repayment of the purchase money, citing in support thereof the case of *Eliason*

2.   v. *Bronnenberg* (1897), 147 Ind. 248, 46 N. E. 582. This case is easily distinguishable from the case at bar. In that case the land was sold for much more than the appraisement, and the court expressly held that the appellant's claim was entirely devoid of equity. That can not be said in the present case. No serious questions are presented otherwise, so that we conclude no error was committed in the ruling of the court on the demurrer. *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99.

It is next urged that there was error committed in overruling the motions in arrest of judgment. It will be observed that Evans and Evans having purchased after

3.   notice are in no stronger position than appellant Gillispie. Appellants' counsel in argument quote from Pomeroy, Remedies and Remedial Rights (3d ed.) 606 the following: "If the averments are so defective, if the omis-

sion of material facts is so great, that, even under the rule of liberal construction, no cause of action is stated, it is not a mere case of insufficiency, but one of complete failure; and the complaint or petition should be dismissed at the trial, or a judgment rendered upon it should be reversed." Appellants' counsel wholly fail in argument to come within the rule laid down by the learned author, and the facts would not warrant a stronger position taken than that of appellants' counsel in their brief. We have already held that a cause of action was stated in the complaint. No other sufficient reasons have been urged in support of the motions in arrest of judgment. The motions are overruled. *Bousher* v. *Andrews* (1911), 48 Ind. App. 664, 96 N. E. 483; *Ginther* v. *Rochester, etc., Co.* (1910), 46 Ind. App. 378, 92 N. E. 698; *Durham* v. *Hiatt* (1891), 127 Ind. 514, 26 N. E. 401; *Lange* v. *Dammier* (1889), 119 Ind. 567, 21 N. E. 749; *Gilmore* v. *Ward* (1899), 22 Ind. App. 106, 52 N. E. 810.

It is next urged in support of the motion for a new trial that the decision of the court is not supported by the evidence and is contrary to law. In support of the first

4.    reason, it is very earnestly urged that there is no evidence of fraud of any kind; that fraud is a fact which must be proved. While the evidence of fraud is purely circumstantial, there is evidence from which fraud may be inferred. This was distinctly the province of the court trying the cause. That fraud may be inferred from circumstances proved has been settled beyond question, not only by the decided cases, but by text writers as well. 20 Cyc. 110; *J. M. Robinson, etc., Co.* v. *Stalcup* (1915), 58 Ind. App. —, 106 N. E. 395; *Cotterell* v. *Koon* (1898), 151 Ind. 182, 51 N. E. 235; *Wallace* v. *Mattice* (1889), 118 Ind. 59, 60, 20 N. E. 497. · In the latter case is found the following language: "It is well settled, as an abstract rule of law, that fraud, as a matter of fact, is never presumed; it must be clearly proved, either directly or circumstan-

tially, by the party making the charge, for the presumption of law is always against bad faith. *Stewart* v. *English* [1855], 6 Ind. 176; *Hunt* v. *Elliott* [1881], 80 Ind. 245 [41 Am. Rep. 794]. It is quite true that fraud is a question of fact for the jury, and that it may be inferred from circumstances and need not be proved by direct or positive evidence.''

The evidence in this case, which we do not set out in detail, discloses a peculiar case of carelessness on the part of the guardian, to say the least, and extreme haste on the part of the purchaser. There is evidence from which the court has a right to believe that the real estate sold was worth $3,200. The purchase price was $1,200. The guardian resigned immediately after the sale was made. There is some evidence with respect to the manner in which notices of sale were posted, and as to whether there was in fact any notice given, which the court might well have considered in connection with all the other evidence in reaching the conclusion that there was fraud practiced.

5. The guardian in this case was not alone charged with the duty and responsibility of protecting the interests of his ward, but it was likewise the duty of the court, when the matter was properly presented to it, to see that exact justice was done to this infant, who was also the ward of the court, as the courts may be said to be the over-guardians of all infants whose estates are entrusted to their care. Mere technicalities will not warrant the court in upholding a sale of the ward's property which results in wrong and injustice to that ward. The court trying this cause had the facts before it. It met the witnesses face to face, and was the best judge of their truthfulness and had the best opportunity to correctly weigh the evidence, and we can not say that it was not correctly determined. *Cotterell* v. *Koon, supra.* It follows that the decision and finding of the court is not contrary to law.

It is argued that the court could not appoint a guardian

*ad litem* and permit an answer to be filed by an infant de-
fendant against whom no notice was issued. If the
6.   ward was in court by her attorney in the main action,
and was also represented by her proper guardian,
we can not say that there was reversible error in permitting
the guardian *ad litem* to file an answer. Besides, appellants
are in no position to complain, as only the ward could be
harmed by such a proceeding.

It is insisted on behalf of cross-complainants Evans and
Evans that the defense of fraud could not be proved under
the general denial to the cross-complaint. William
7.   Darroch was appointed guardian *ad litem*, and filed
his answer, also his answer as guardian. It is argued
that under these answers of general denial evidence of fraud
could not be admitted, and therefore Evans and Evans were
entitled to recover upon their cross-complaint to quiet title.
This court has decided in a late case that fraud may be
proved under the general denial in an action to quiet title
such as is presented by the cross-complaint in the case at
bar.   *J. M. Robinson, etc., Co.* v. *Stalcup, supra.*

Many collateral and technical questions are learnedly dis-
cussed by counsel, and this decision might be much pro-
longed to no good purpose. We have examined the elaborate
briefs with care. The questions which we have decided are
the vital ones in the case, and when the principles are prop-
erly applied, no question will remain which need be dis-
cussed. We find no reversible error in the record. Judg-
ment affirmed.

NOTE.—Reported in 107 N. E. 475. As to validity of sales by
guardians as affected by notice of application, see 120 Am. St. 148.
See, also, under (1) 31 Cyc. 316; (2) 21 Cyc. 143; (3) 23 Cyc. 1476;
(4) 20 Cyc. 120, 122; (5) 21 Cyc. 141; (16) 22 Cyc. 708; (7) 21
Cyc. 143; 32 Cyc. 1368.