Sims v. Dame.

No. 13,025.

## SIMS v. DAME.

PLEADING.—*Failure to Sign Complaint.*—*Amendment.*—The failure to sign a complaint is a formal defect, which is cured when the pleading is subscribed under leave to amend.

SAME.—*Motion for Leave to Amend.*—*Precedence Over Motion to Reject.*—A motion for leave to amend a complaint by signing it has precedence over a motion by the defendant to reject.

SAME.—*Practice.*—*Motion to Quash Summons.*—The defect caused by a failure to sign a complaint is reached by a motion to reject, and not by a motion to quash the summons.

TENANTS IN COMMON.—*Growing Crops.*—*Contract.*—*Partnership.*—An agreement between a renter of land and another that the latter shall have an interest in the former's portion of the grain to be grown, if he will help sow and harvest the same, does not create a partnership, but constitutes the parties owners and tenants in common of the grain.

SAME.—*Sale Without Consent of Co-Tenant.*—*Conversion.*—An owner in common can not sell or otherwise dispose of the whole property, without authority from his co-tenant; and if he assumes to do so, the purchaser only acquires the interest of his vendor; or if he converts the whole to his own use, or denies the right of his co-owner, he is liable.

PRACTICE.—*Arrest of Judgment.*—Where there is no counter-claim, a motion in arrest of judgment must be addressed to the plaintiff's pleadings, and ought not to be sustained unless all the paragraphs of the complaint are so bad as not to be cured by the verdict or finding.

From the Clinton Circuit Court.

*J. N. Sims,* for appellant.

*W. A. Staley,* for appellee.

NIBLACK, J.—The original complaint in this case consisted of two paragraphs. While the first paragraph contained some phraseology peculiar to the action of replevin, it, in legal effect, only inferentially charged the conversion by the defendants, Milton L. Sims and Alfred Maudlin, of two hundred bushels of wheat belonging to the plaintiff, Jacob Dame, of the alleged value of two hundred dollars.

The second charged the defendants with having wrongfully and forcibly taken possession of fifty acres of growing

wheat belonging to the plaintiff, and with having converted the wheat to their own use.

The complaint was neither signed by the plaintiff nor by his attorney, but a summons was nevertheless issued upon it, which was served on Sims, and returned "not found" as to Maudlin. Sims entered a special appearance to the action, and moved to quash the summons because the complaint was not signed as required by section 358, R. S. 1881. The plaintiff thereupon entered a counter-motion for leave to sign the complaint, which was granted, and the complaint being then signed by the plaintiff's attorney, the motion to quash the summons was overruled.

The plaintiff afterwards filed an additional paragraph to his complaint, charging the defendants with having wrongfully and forcibly taken possession of fifty acres of wheat standing in the shock and belonging to the plaintiff, and with having converted the wheat to their own use.

There was an answer in denial, a trial by the court and a finding and judgment against Sims for $85.

A motion for a new trial, challenging the sufficiency of the evidence, and a motion in arrest of judgment, were each in its order submitted and overruled before judgment was awarded.

There was evidence tending to show that, in March, 1884, Dame went to work for and to live with Maudlin until the following March, with the understanding that the former was to do whatever work the latter might require him to do; that, in the summer of 1884, Maudlin rented some land of a third person to be sowed in wheat, one-third of which, when matured, was to go to the owner of the land for rent; that, afterwards, Maudlin agreed with Dame that if he, Dame, would assist in sowing and harvesting the wheat, he should have one-third of the remaining two-thirds which the land might yield; that Dame accordingly assisted Maudlin to sow forty-four acres of the land, rented by the latter as above, in wheat; that, early in October, 1884, which was after the

Sims v. Dame.

wheat had been sown, Maudlin directed Dame to husk some corn to be used in feeding hogs, which the latter, for some reason not fully explained, refused to do; that Maudlin thereupon ordered Dame to leave his house and quit his service, which Dame accordingly did; that Maudlin, assuming that Dame had, by refusing to perform work required of him, as above stated, forfeited all claim to an interest in the wheat, afterwards, and during the succeeding winter, sold and transferred the possession of the entire crop of growing wheat to Sims; that, in the summer of 1885, when the time for harvesting the wheat had arrived, Dame went to Sims and, after demanding a share of the wheat, offered to assist him in harvesting it; that Sims very emphatically denied all claim on Dame's part to any interest in the wheat, and refused to permit him to assist in harvesting it; that, after the wheat was cut and shocked in the field, this action was commenced to recover the value of the alleged interest of Dame in it; that the entire crop of wheat amounted to about five hundred and sixty-four bushels, which was worth eighty-five cents per bushel at the nearest market, only a few miles away.

There was a conflict in the evidence as to the extent of the interest which Dame was to have in the wheat for assisting in sowing and harvesting it, and as to some other collateral matters, but there was evidence tending to prove the facts set forth as above.

The failure of both a party and his attorney to subscribe the complaint constitutes only a formal or clerical defect, which is amendable in the *nisi prius* court, and a motion to amend a complaint in that respect is entitled to precedence over a motion to strike out or reject the complaint for want of a proper signature. When, under a leave to amend, the complaint is subscribed the defect is cured. *Harris* v. *Osenback*, 13 Ind. 445; *Lowry* v. *Dutton*, 28 Ind. 473; *Widup* v.

*Gibson,* 53 Ind. 484 ; *Louisville, etc., R. W. Co.* v. *Peck,* 99 Ind. 68.

In any event, a motion to quash the summons is not the appropriate way of reaching the defect caused by the absence of a signature to the complaint. When a complaint is not signed, or is not sworn to when its verification in that manner is required, the proper method of raising a question upon the defect is by a motion to strike out or reject the pleading.

The agreement between Maudlin and Dame, concerning the ownership of the wheat in controversy, did not create a partnership in the property. A partnership has a broader, more comprehensive and more continuous purpose in view than the mere joint or common ownership of a single article or aggregate of property. The agreement constituted Maudlin and Dame only owners and tenants in common of the wheat. It did not make them even joint tenants, as they became owners in different proportions and from different sources, Maudlin acquiring his title from the owner of the leased lands, and Dame his title through his sub-contract with Maudlin.

An owner in common, as well as a joint owner of personal property, may sell his undivided interest, but can not sell or otherwise dispose of the whole property without authority from his co-tenant or co-tenants. In this respect there is an essential difference between a common or joint ownership and a partnership. When, therefore, Sims purchased the crop of growing wheat from Maudlin, he acquired only Maudlin's interest in the property, and became thereby an owner in common with Dame. The evidence showed no connection between Dame's contract with Maudlin to work for him a year and the agreement concerning the sowing and harvesting of the wheat, consequently Dame's failure to perform his contract for a year's work, however wrongful such failure may have been, did not affect his interest in the wheat.

Furthermore, when one owner in common of a chattel converts the whole to his own exclusive use, or does something equivalent to an utter denial of the rights of his co-owner,

he becomes liable to such co-owner for the injury thereby inflicted. On this general subject of ownership in common and joint ownership of chattels, reference is made to 1 Schouler Personal Property, section 161, and the six succeeding sections.

In the light of the general principles thus announced, there was evidence tending, in all material respects, to sustain the finding of the court below.

Where there is no counter-claim, a motion in arrest of judgment must be addressed to the plaintiff's pleadings, and ought not to be sustained unless all the paragraphs of the complaint are so bad as not to be cured by the verdict or finding. 2 Works Practice, sections 1045 and 1046.

No argument has been submitted in this case against the sufficiency of the complaint as an entire pleading. No reason has, therefore, been shown for holding that the circuit court erred in refusing to arrest the judgment.

The judgment is affirmed, at the appellant's costs.

