Filed May 18, 1889.

---

No. 13,732.

RYAN v. HURLEY.

CONVERSION.—*Damages.*—*Complaint.*—A complaint alleging the conversion by the defendant of property of a given value belonging to the plaintiff, shows that the latter is damaged to the value of the property, without a specific allegation to that effect.

SAME.—*Insufficient Complaint.*—A complaint for conversion which fails to allege either that the property converted was of any value, or that the plaintiff sustained any damage by reason of the conversion, is bad.

PRACTICE.—*Judgment upon Complaint Containing Bad Paragraph.*—*Supreme Court.*—Where judgment has been given for the plaintiff generally, without showing upon what paragraph of his complaint, error in overruling a demurrer to a bad paragraph will cause the reversal of the judgment, as the Supreme Court will not look to the evidence to determine whether or not injury resulted from the ruling.

From the Madison Circuit Court.

*W. A. Kittinger, L. M. Schwinn* and *E. B. McMahan,* for appellant.

*G. M. Ballard* and *C. M. Greenlee,* for appellee.

OLDS, J.—This is an action for the value of personal property alleged to have been owned by the appellee, the plaintiff below, and converted by the appellant, the defendant below, to his own use. The complaint is in three paragraphs. Separate demurrers were filed to each paragraph of the complaint and overruled, and exceptions reserved, and the rulings on the demurrers are assigned as errors. There was an answer filed, cause put at issue and tried by the court, and a general finding in favor of the plaintiff for eighty-five dollars, and judgment in his favor for said amount.

The first paragraph of the complaint alleges, substantially, that on the 4th day of January, 1886, the plaintiff was the owner of one horse, of the value of $125, and that on the said day the defendant wrongfully took and converted said horse to his own use. Prayer for judgment for one hundred and twenty-five dollars. The objection urged to this paragraph is that it does not aver that the conversion was to the damage of the plaintiff. We think this paragraph sufficient. It is proper and better pleading to aver that the conversion is to the damage of the alleged owner; yet the material averments are the ownership, the value and conversion of the property. It is presumable, and properly inferable, from the allegations of ownership by the plaintiff, the value of the property and the conversion by the defendant, that the plaintiff is damaged to the amount of the value of the property. Gould Pleading, 5th ed., p. 140, section 166.

It is alleged in the second paragraph that the plaintiff was the owner of a certain horse on the 4th day of January, 1886; that the defendant obtained possession of the horse and converted it to his own use; but it is not averred that the horse was of any value, or that the plaintiff sustained any damage by reason of such conversion.

The second paragraph is clearly bad. It is contended that the case was fairly tried, and that the appellant sustained no injury by the ruling of the court on the demurrer to the second paragraph of the complaint, even if it is defective, as

there was a good paragraph of complaint. The finding of the court is general, and it can not be determined from the finding whether it is based upon the good or bad paragraph. It has been repeatedly held by this court that we can not look into the evidence and be governed by it in affirming or reversing a judgment for error committed in ruling on a demurrer to a complaint. The complaint must stand on its own merits, and if there is error in overruling a demurrer to it the case must be reversed. We can not look into the evidence to determine whether injury did or did not result from such error. *Pennsylvania Co.* v. *Poor*, 103 Ind. 553; *Pennsylvania Co.* v. *Marion*, 104 Ind. 239; *Belt R. R., etc., Co.* v. *Mann*, 107 Ind. 89.

The third paragraph, like the first and second, is very unskilfully drawn, but we think it contains sufficient averments to constitute a good paragraph, and do not deem it proper to state at length the averments, as they are similar to the second, except that it avers the value of the horse.

Some other errors are assigned, but as the judgment will have to be reversed for the error in overruling the demurrer to the second paragraph of the complaint, and the other questions may not arise upon another trial of the cause, we do not deem it necessary to consider them.

Judgment reversed, at the costs of the appellee.

Filed May 17, 1889.