NOVEMBER TERM, 1900—VOL. 155.    545

Manufacturers Gas, etc., Co. *v.* Indiana Nat. Gas, etc., Co.

## MANUFACTURERS GAS AND OIL COMPANY ET AL. *v.* THE INDIANA NATURAL GAS AND OIL COMPANY.

[No. 19,262.   Filed November 27, 1900.]

NATURAL GAS.—*Transportation from State.*—*Interstate Commerce.*— *Constitutional Law.*—The act of 1889 (Acts 1889, p. 369), in so far as it attempts to prohibit the owner of natural gas from transporting the same by safe methods out of the State, contravenes the federal Constitution relating to interstate commerce, and is void, since natural gas, when reduced to possession, is an article of commerce.

From the Grant Circuit Court.   *Affirmed.*

*Rollin Warner, A. W. Brady* and *W. A. Ketcham,* for appellants.

*W. O. Johnson, Foster Davis, J. C. Blacklidge, C. C. Shirley, Conrad Wolf* and *M. Winfield,* for appellee.

DOWLING, C. J.—This action was brought to enjoin the appellee from transporting through pipes natural gas from the gas fields described in the complaint, within the State of Indiana, to any point without the State. The complaint is substantially the same as that in *Manufacturers Gas, etc., Co.* v. *Indiana Natural Gas., etc., Co., ante,* 461, at the May term, excepting that it omits the allegation as to the use of artificial processes for the purpose of increasing the natural flow of the gas from the wells, and in that it charges that the appellee is engaged in transporting natural gas by means of pipe lines from the State of Indiana, to the city of Chicago, in the state of Illinois.

The suit is founded upon the act of March 9, 1889, which contains this provision:

"Sec. 1.   Be it enacted,  *  *  *   that it shall be unlawful for any person or persons, company, corporation or voluntary association to pipe or conduct natural gas from any point within this State to any point or place without this State;  *  *  *.

"Sec. 3. That any person, or persons, company, corporation, or voluntary association, or any officer, director, or agent of such corporation, that shall violate any of the provisions of this act, upon conviction thereof, shall be deemed guilty of a misdemeanor and shall be fined in any sum not less than one hundred dollars or more than one thousand dollars."

In the absence of legislative restriction, the transportation of natural gas to points without the State would, undoubtedly, be legal, and such use and disposition of the article, probably, could not be interfered with or prevented. The right of the appellant to relief by way of injunction, if it exists at all, must be derived from the statute. But in *State* v. *Indiana and Ohio, etc., Co.,* 120 Ind. 575; 6 L. R. A. 579, this court held the act of March 9, 1889, invalid, for the reason that it affected interstate commerce, natural gas, when reduced to possession, in reservoirs or pipes, being recognized as an article of commerce. The doctrine stated in that case was reasserted in *Jamieson* v. *Indiana Natural Gas and Oil Co.,* 128 Ind. 555, 12 L. R. A. 652, and it has not since been questioned in any other decision of this court. It is not alleged in the complaint before us that the appellee is appropriating an undue proportion of the common fund, or supply of gas, or that it is using any device or artificial means to produce an unnatural flow of gas from its wells, to the injury of the appellants. Neither is it charged that the means adopted by the appellee for transporting the gas are in any respect improper, dangerous to life or property, destructive of the common supply, or likely to inflict injury of any kind upon the appellants. The right of the appellee to take gas from its own wells in the manner adopted by it is not denied. Nothing done by the appellee is complained of, excepting only that it removes natural gas out of the State of Indiana. No ground for the exercise of the police power of the State to prevent such removal is shown. Nothing, save the naked right to transport the gas beyond the limits

of this State, is contested in this action.   The only reason which can be urged in support of the restraint sought to be imposed upon the appellee is that the supply of natural gas being limited, and the article being one of great value and convenience, its use ought to be reserved for and enjoyed by the people of this State, to the exclusion of the inhabitants of any other State.   But as natural gas when reduced to possession is held to be a commercial commodity, its owner cannot lawfully be prevented from carrying it to, and selling it in whatever market he may consider most advantageous. It is true that the Supreme Court of the United States has recently held in *Geer* v. *Connecticut,* 161 U. S. 519, 16 Sup. Ct. 600, 40 L. ed. 793, that a statute, prohibiting the transportation of wild game beyond the limits of the state in which it is taken or killed, is not in conflict with the Constitution of the United States.   But, the distinction between animals *ferae naturae* and natural gas, in respect of their ownership, before reduction to possession, is a very plain one, and has been clearly pointed out in numerous decisions. *Manufacturers Gas, etc., Co.* v. *Indiana, etc., Co., ante,* 461.

In the case of wild animals, before they are reduced to possession, the ownership is in the public, and not in any private person, and they are, therefore, held to be subject to the protection of the sovereign.   The privilege of taking, killing, and transporting them may, on this ground, be regulated by the legislature.   As to natural gas, however, the public has no title to, or control over, the gas in the ground. On the contrary, so far as it is susceptible of ownership, it belongs to the owners of the superincumbent lands in common, or, at least, such landowners have a limited and qualified ownership in it to the entire exclusion of the public.

To the extent that the act of March 9, 1889, attempts to prohibit the owner of natural gas, which has been reduced to possession by proper and lawful means, from transporting it by safe and reasonable vehicles, or conduits, out of the State of Indiana, it contravenes the provisions of the fed-

eral Constitution relating to interstate commerce, and is therefore void. No other foundation for the claim of the appellants to relief by way of injunction being disclosed, the complaint must be held insufficient. The demurrer thereto was properly sustained. Judgment affirmed.