## RECHT v. GLICKSTEIN.

[No. 20,225.   Filed January 26, 1904.]

CONVERSION.—*Complaint.*—A complaint in an action for damages for conversion alleging that "on or before" a certain date the plaintiff was the owner and in possession of the property in controversy "to the value of $600," and that "on or about" that date the defendant converted the same to his own use, sufficiently shows that the plaintiff was the owner of the property at the time of the alleged conversion, and that the property was of some value.

From Lake Superior Court; *H. B. Tuthill,* Judge.

Action by Charles Glickstein against Solomon Recht. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*F. N. Gavit,* for appellant.
*Epstein & Johnson* and *A. F. Knotts,* for appellee.

JORDAN, J.—Appellee successfully prosecuted this action in the lower court for damages arising out of the unlawful conversion of certain goods and chattels. The only matter in controversy between the parties in this appeal relates to the sufficiency of the amended complaint on demurrer for want of facts. Omitting the formal parts, the pleading in question is as follows: "The plaintiff complains of the defendant, and says that on or before the 5th day of March, 1902, the plaintiff was the owner and in possession of, as of his own right and property, a certain lot of goods, wares, and merchandise, and store fixtures, consisting of gents' furnishing goods, clothing, dry goods, boots, shoes, hats, caps, cigars, tobacco, and other goods, wares, merchandise, and effects too numerous to mention, in the city of East Chicago, Lake county, Indiana, then and there to the value of $600, and certain store fixtures then and there to the value of $5; that on and about said date, the defendant took and carried away each and all and every

part• and portion of said property, and unlawfully converted and disposed of the same to his own use, whereby the plaintiff was damaged in the sum of $600, for which he demands judgment, and for all other proper relief."

The principal objections urged against the sufficiency of the complaint are: (1) That it does not show that the plaintiff was the owner of the property at the time it was converted by the defendant; (2) that it does not disclose that the property, when converted, was of any value.

While it may be said that the pleader, in drafting the complaint, has employed therein such superfluous phrases or words as "or before" and "or about," still, in considering the sufficiency of the complaint on demurrer, the words "or before" and "or about" may be disregarded or rejected as surplusage without vitiating the pleading, if otherwise sufficient. 21 Ency. Pl. & Pr., §1059; *Hampton* v. *State,* 8 Ind. 336; *Hardenbeck* v. *State,* 10 Ind. 459. Rejecting these words, as we may, and the complaint, in substance at least, is sufficient to constitute a cause of action, for it then expressly discloses that the plaintiff on the 5th day of March, 1902, was the owner and in possession of the goods and chattels in controversy, and that they were of the value of $600, and that the defendant on said day "took and carried away * * * said property, and unlawfully converted * * * the same to his own use, whereby the plaintiff was damaged in the sum of $600." The averments sufficiently show the value of the property, and that the plaintiff was the owner thereof, and also in the possession of the same at the time of the unlawful conversion.

The gist of the action was the wrongful conversion of the goods and chattels, and while in such actions it is necessary, as a matter of pleading, to allege the date when the act of conversion was committed, nevertheless on the

trial the plaintiff is not confined to the precise time, as alleged, but may prove that the conversion was committed at any time previous to the commencement of the action, within the statute of limitation. In an action for conversion the complaint must either show that the property was of some value, or that the plaintiff has been damaged by reason of the unlawful conversion. *Ryan* v. *Hurley,* 119 Ind. 115. The pleading in dispute, by its averments, fully discloses both of these facts, and certainly is sufficient in this respect.

It is lastly insisted that the complaint is bad because the words "to the value," etc., instead of "of the value" are employed. There is no merit in this contention. The words "of the value" would certainly have been the better expression; still the word "to," as used in connection with the value of the property, was sufficient for the purpose intended by the pleader.

No error was committed by the trial court, either in overruling the demurrer to the complaint, or in denying a motion in arrest of judgment. The judgment is therefore affirmed.

Gillett, J., did not participate.