## CRYSTAL ICE AND COLD STORAGE COMPANY
### *v.* MARION GAS COMPANY.

[No. 5,202.   Filed April 20, 1905.]

1. PLEADING.—*Complaint.—Trespass.—Personal Property.*—A complaint by a gas company, alleging that defendant opened plaintiff's pipe-line, and, without permission, took its gas, is not in trespass, since natural gas extracted from the earth and contained in a pipeline is personal property. p. 296.

2. SAME.—*Complaint.—Conversion.—Gas.*—A complaint by a gas company, alleging that defendant opened plaintiff's pipe-line, and, without permission, took gas therefrom, states a cause of action for conversion, and where such complaint states that plaintiff was the "owner" of such gas it is not necessary to allege that plaintiff was "in possession" thereof. p. 296.

3. SAME.—*Complaint.—Sufficiency Questioned First Time on Appeal.—Rule.*—A complaint is sufficient, as against an attack made for the first time on appeal, where it contains facts sufficient to bar another action for the same cause. p. 297.

4. APPEAL AND ERROR.—*Motion for Nunc pro Tunc Entry.—Evidence.*—No question is presented by an assignment of error on the trial court's refusal to make a *nunc pro tunc* entry when the record fails to show that it contains all of the evidence introduced on the hearing of such motion. p. 297.

From Grant Superior Court; *B. F. Harness,* Judge.

Action by the Marion Gas Company against the Crystal Ice and Cold Storage Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*G. A. Henry* and *P. H. Elliott,* for appellant.
*Hiram Brownlee* and *John R. Browne,* for appellee.

ROBINSON, P. J.—Appellee's complaint avers that it "owns, maintains and operates a three-inch high-pressure

pipe-line," which passes appellant's factory and plant, and during the year prior to the bringing of this action "maintained, owned and kept a high pressure of natural gas in said pipe-line;" that on or about October 15, 1902, and continuously from that date up to and including June 17, 1903, without appellee's knowledge or consent, and without any contract, appellant wilfully, purposely, unlawfully and fraudulently opened, or caused to be opened, two connections and open valves between appellee's pipe-line and the lines connected therewith and appellant's factory, whereby appellant "wilfully, purposely, unlawfully and fraudulently caused and permitted natural gas from said pipe-line to flow into defendant's said factory or plant and there be consumed as fuel for the operation thereof;" that during that time appellant purposely, wilfully, unlawfully and fraudulently consumed gas in an amount named, worth a named sum, which appellee had demanded and which was refused. We think the complaint is sufficient against an assignment of error that it does not state facts sufficient to constitute a cause of action.

1.    The case made by the pleading is not necessarily trespass.    Natural gas, when extracted from the earth and put into a pipe-line, is personal property.    It then becomes a commercial commodity, which the owner may dispose of in whatever manner he may consider most advantageous. *Manufacturers Gas & Oil Co.* v. *Indiana Nat. Gas & Oil Co.* (1900), 155 Ind. 545; *Jamieson* v. *Indiana Nat. Gas & Oil Co.* (1891), 128 Ind. 555, 12 L. R. A. 652.

2.    The pleading states a cause of action for the conversion of personal property.    It is argued that the pleading is defective in not averring that appellee was in possession, or had a right to possession of, the gas.    But it is averred that appellee was the owner of the gas.    *Baker* v. *Born* (1897), 17 Ind. App. 422; *Hunter* v. *Cronkhite* (1894), 9 Ind. App. 470; *Ryan* v. *Hurley* (1889), 119 Ind. 115.

The complaint contains the material averments of ownership of the property, its value, and its conversion by appellant. *Ryan* v. *Hurley, supra.*

3. It is unnecessary to inquire whether the complaint is sufficient to withstand a demurrer. It seeks to recover, as damages, the value of the personal property which belonged to appellee, and which, within a specified period of time, was wrongfully converted by appellant to its own use. It is questioned for the first time by an assignment of error in this court, does not wholly omit any material averment and clearly contains facts enough to bar another action for the same cause. See *Colchen* v. *Ninde* (1889), 120 Ind. 88; *Peters* v. *Banta* (1889), 120 Ind. 416; *Burkhart* v. *Gladish* (1890), 123 Ind. 337; *Citizens St. R. Co.* v. *Willoeby* (1893), 134 Ind. 563; *McCreery* v. *Nordyke* (1900), 23 Ind. App. 630.

4. Overruling appellant's motion for a *nunc pro tunc* entry is also assigned as error. The judgment was rendered on October 28, 1903, the same being the thirty-third judicial day of the September term, 1903, of the Grant Superior Court. Appellant's motion for a new trial was filed October 30, and on October 31, 1903—the same being the thirty-sixth judicial day of the September term, 1903—was overruled. This was the last day of the September term. Afterwards, on March 17, 1904, the fourth judicial day of the March term, 1904, appellant filed a motion and notice for a *nunc pro tunc* entry. The motion asked for an entry as of December 15, 1903, the second day of the December term, 1903, as follows: "Comes now the defendant by counsel and excepts to the ruling of the court in overruling the defendant's motion for a new trial in this cause, and prays an appeal to the Appellate Court, which prayer the court does now grant, and 100 days are given in which to prepare and file a bill of exceptions." This motion, which is verified, states that the motion for a new

trial was argued October 30, 1903, and that the court took the same under advisement until November 27, 1903—a day in vacation—when the court overruled the motion, and, by letter, notified the clerk of the court of his action. This letter was set out, and stated that the court had stated to counsel that if the court found time to look into the matter and reached a conclusion before court convened, the papers and the result reached would be mailed to the clerk, and that it was agreed that the docket should show the motion ruled on as of the last day of the term, and the clerk was directed to notify counsel that the motion for a new trial was overruled. The motion for the entry further recites that on December 15, 1903, the second day of the December term, appellant appeared by counsel and excepted to the overruling of its motion for a new trial, and prayed an appeal, which prayer the court did then and there grant, and started to note such fact upon the minutes, and, after writing "second appeal," and being interrupted, such entry was not completed, and appellant, in full reliance upon the entry of the action of the court, did not discover that the same was not so made until March 15, 1904.

The motion for a *nunc pro tunc* entry was overruled, and an exception reserved. The record then recites: "And now, upon motion of the defendant, said motion for a *nunc pro tunc* entry, and the ruling of the court thereon and exceptions thereto, are now ordered made a part of the record, without being inserted in a bill of exceptions." The verified motion alone is then again set out in the record. Considering this verified motion as evidence which was submitted to the court upon the hearing of the application for the entry, and that, as evidence, it has properly been brought into the record, it does not appear from the record that this was all the evidence given upon the hearing. It does not appear that the court's memorandum, made December 15, was introduced in evidence. The only information we have of such memorandum is the statement in the motion itself.

But this is not proof of the memorandum itself. The only evidence brought to this court is the verified motion, which is an affidavit. This is in effect parol evidence. So that, so far as the record discloses, the only evidence set forth to sustain the motion for the *nunc pro tunc* entry was oral. As the record does not show that any memorandum, as the basis for the entry, was introduced in evidence, but does show that the only evidence to sustain the motion was oral, we would be compelled to hold that the motion was properly overruled, even if the record showed that it contains all the evidence given upon the hearing of the motion. *McCaslin* v. *Advance Mfg. Co.* (1900), 155 Ind. 298; *Driver* v. *Driver* (1899), 153 Ind. 88. But as the record does not affirmatively show that it contains all the evidence, no question is presented.

Judgment affirmed.