## BIMEL ET AL. *v.* BOYD.

### [No. 7,885.   Filed April 23, 1913.]

1. PLEADING.—*Demurrer.—Defect of Parties.*—A demurrer for defect of parties can only reach a defect of parties apparent from the complaint. p. 312.
2. APPEAL.—*Questions Reviewable.—Demurrer.—Defect of Parties.* —No question as to defect of parties is presented by the assignment of errors, where the question was not presented to the trial court by the demurrers filed. p. 313.
3. CONVERSION. — *Complaint.—Necessary Allegations.—Demand.*— Where an actual conversion is alleged, it is not necessary to aver a demand but it is essential that the complaint should contain averments showing that the plaintiff owns such an interest in the property as to give him the right to sue for its conversion, the value of the property, and its conversion by the defendant. p. 313.
4. CONVERSION.—*Complaint.—Sufficiency.—Cotenants.*—A complaint charging that defendants converted certain bonds to their own use, and alleging facts showing that defendants are cotenants in the bonds with plaintiffs, is not insufficient on the ground that it states specific facts inconsistent with the allegation of conversion, since one may convert common property as against a cotenant. pp. 314, 315.
5. CONVERSION.—*Cotenants.*—A conversion of common property may be accomplished by a cotenant in possession, by rendering impossible any further enjoyment of it by his cotenant, by refusing to appropriate it to the uses for which it is designed, by appropriating it to uses for which it was not designed, or by excluding the cotenant from its use. p. 314.
6. CONVERSION.—*Action Against Cotenant.—Demand.*—In an action by one cotenant against another for the conversion of common property, no demand is necessary. p. 315.
7. CONVERSION. — *Complaint. — Sufficiency.* — A complaint alleging generally that defendants converted the property to their own use

was not insufficient on demurrer, although it might properly have been subject to a motion to make more specific as to the particulars of the alleged conversion.  p. 316.

From Jay Circuit Court; *Henry C. Fox*, Special Judge.

Action by Jennie May Boyd against Fred Bimel and others.  From a judgment for plaintiff, the defendants, except Lewis G. Walling, appeal.  *Affirmed.*

*Smith & Fleming, John M. Smith* and *Eichhorn & Vaughn*, for appellants.

*James Harrington Boyd, John F. LaFollette*, and *E. E. McGriff*, for appellee.

IBACH, C. J.—Appellee brought this action against appellants for damages for the conversion of certain railroad bonds, and recovered judgment for $2,100.  The only errors assigned and argued are the overruling of the joint demurrer of all the defendants, and the separate demurrers of each defendant, to the amended complaint.  In substance, it is averred in the complaint, that on December 7, 1903, the Cincinnati, Bluffton, and Chicago Railroad Company executed and delivered to one Lewis Grissell a certain promissory note for the sum of $3,000, payable at the Citizens Bank at Portland, Indiana, eight months after date with six per cent interest; that to secure the payment of said note when the same should become due, the railroad company at the time of the execution of such note transferred, assigned and delivered to Grissell as collateral security nine first mortgage bonds of said company, each calling for the sum of $1,000 and of the value of $1,000 each. That thereafter, and while still the owner of said note, said Grissell died testate.  That by the terms of his will the said note and the securities therefor were bequeathed to plaintiff Jennie May Boyd and defendant Lewis G. Walling share and share alike, and plaintiff is the owner of an undivided one-half interest therein. That plaintiff and defendant Walling were by the will named as executors, and duly qualified

as such and settled said estate and were discharged on February 17, 1906. That after the settlement of said estate, the plaintiff suffered said notes and mortgage bonds to remain in the hands of and the possession of her joint and co-owner, defendant Walling. That while in his possession and without the knowledge or consent of the plaintiff, on or about March 30, 1906, said Walling entered into some contract or agreement with his codefendants, the exact nature or character of which is unknown to plaintiff, by which he undertook to release or relinquish to his codefendants his interest in the said bonds held as collateral security for the payment of the note, and at the same time without this plaintiff's knowledge or consent, turned over to his codefendants the possession of said bonds; that by the terms of said bonds and the mortgage securing the same they are transferable and title thereto passed by delivery. "That the defendants have never accounted to this plaintiff for her undivided one-half interest in said note, or the nine first mortgage bonds pledged as collateral security to secure the payment thereof, but retain said bonds and have converted them to their own use by reason of which plaintiff has been damaged in the sum of forty-five hundred dollars. That said note is long past due and wholly unpaid, and that this plaintiff has never parted with her interest therein, and has never parted with her interest in said nine first mortgage bonds pledged as collateral to secure the payment of said note to the defendants or either of them, or to any one else, but is still the owner of an undivided one-half interest in said note and bonds as aforesaid. Wherefore plaintiff demands judgment for $5,580.00 and for all other and proper relief."

Appellants are all the defendants except Walling, who has not appealed. It is first argued that the complaint is bad because the American Trust and Savings Bank was not made a party defendant. There was a demurrer upon the ground that there was a defect of

parties in that said bank was not made a party defendant. It does not appear from the complaint that the American Trust and Savings Bank is in any way connected with the cause, or holds, owns, or claims any interest in said bonds or any of them. A demurrer for defect of parties can only reach a defect of parties apparent from the complaint, and the aforesaid demurrer was rightfully overruled. *Western Union Tel. Co.* v. *State, ex rel.* (1905), 165 Ind. 492, 76 N. E. 100, and cases cited. It is also urged that it ap-

2.   pears from the complaint that the Cincinnati, Bluffton and Chicago Railroad Company has an interest in the bonds, and if so, all the parties were not before the court, and a demurrer would lie for defect of parties. It is sufficient to say in answer to this contention that no demurrer for defect of parties was filed on the ground that the railroad company was not made a party. Consequently such a question was not presented to the trial court by the demurrers filed, and is not presented by any errors assigned here. *State, ex rel.* v. *McClelland* (1894), 138 Ind. 395, 37 N. E. 799; *Aetna Life Ins. Co.* v. *Sellers* (1900), 154 Ind. 370, 56 N. E. 97, 77 Am. St. 481.

The remaining argument against the sufficiency of the complaint, and the one most strongly pressed, is that it does not show an unlawful conversion, or a demand and refusal to deliver up the property alleged to have been converted, and that it states no facts showing appellants guilty of a conversion. The material averments which must be

3.   found in a complaint for conversion are: (1) the owning of such an interest in the property by the plaintiff as to give him the right to sue for its conversion; (2) the value of the property; and (3) the conversion of the property by the defendant. *Recht* v. *Glickstein* (1904), 162 Ind. 32, 69 N. E. 667; *Ryan* v. *Hurley* (1889), 119 Ind. 115, 21 N. E. 463; *Crystal Ice, etc., Co.* v. *Marion Gas Co.* (1905), 35 Ind. App. 295, 74 N. E. 15. The rule is that when an actual conversion is alleged, it is unnecessary

to aver a demand. As a matter of pleading, it is sufficient to aver a conversion. *Reish* v. *Reynolds* (1879), 68 Ind. 561; *Nelson* v. *Corwin* (1877), 59 Ind. 489; *Bunger* v. *Roddy* (1880), 70 Ind. 26; *Rauh* v. *Stevens* (1899), 21 Ind. App. 650, 52 N. E. 997; *Proctor* v. *Cole* (1879), 66 Ind. 576; *Sloan* v. *Lick Creek, etc., Road Co.* (1893), 6 Ind. App. 584, 33 N. E. 997; *Koehring* v. *Aultman, Miller & Co.* (1893), 7 Ind. App. 475, 34 N. E. 30; *Knowlton* v. *School City of Logansport* (1881), 75 Ind. 103; 21 Ency. Pl. and Pr. 1084.

Appellants concede that under the authorities, the general allegation that the defendants converted the bonds to their own use would be sufficient, unless the specific facts pleaded are in conflict with this general allegation, but they contend that the specific facts are inconsistent with the allegation of conversion. They urge that when defendant Walling conveyed his one-half interest in the bonds to the other defendants they thereupon, succeeding to his rights, became cotenants in the bonds with plaintiff, and therefore as much entitled to their possession as she. However, even if we grant this contention, and even if we admit that except for the averment "they converted the bonds to their own use," the complaint does not contain facts which show appellants guilty of a conversion, yet it does not state specific facts inconsistent with a conversion. One cotenant may convert the common property as against his cotenant. 28 Am. and Eng. Ency. Law (2d ed.) 712; 17 Am. and Eng. Ency. Law (2d ed.) 701; 38 Cyc. 84. See cases cited below. Such a conversion may be accomplished, while the cotenant retains the common property in his possession, if such cotenant renders impossible any further enjoyment of it by his cotenant, or refuses to appropriate it to the uses for which it is designed, and appropriates it to uses for which it was not designed, or directly and positively excludes the cotenant from its use. *Needham* v. *Hill* (1879), 127 Mass. 133; *Agnew* v. *Johnson*

(1851), 17 Pa. St. 373, 55 Am. Dec. 565; *Jacobs* v. *Seward* (1872), L. R. 5 H. L. 464; *Doyle* v. *Burns* (1904), 123 Iowa 488, 99 N. W. 195; *Roddy* v. *Cox* (1859), 29 Ga. 298, 74 Am. Dec. 64; *Allen* v. *Harper* (1855), 26 Ala. 686; *Delaney* v. *Root* (1868), 99 Mass. 546, 97 Am. Dec. 52; *Lobdell* v. *Stowell* (1872), 51 N. Y. 70; *Fiquet* v. *Allison* (1864), 12 Mich. 328, 86 Am. Dec. 54; *Bray* v. *Bray* (1874), 30 Mich. 479; *Grove* v. *Wise* (1878), 39 Mich. 161; *Tuttle* v. *Campbell* (1889), 74 Mich. 652, 42 N. W. 384, 16 Am. St. 652; *Ballentine* v. *Joplin* (1898), 105 Ky. 70, 48 S. W. 417; *Waller* v. *Bowling* (1891), 108 N. C. 289, 12 S. E. 990, 12 L. R. A. 261; Freeman, Cotenancy (2d ed.) §313; 28 Am. and Eng. Ency. Law (2d ed.) 713. If there is a conversion by one cotenant, no demand is necessary. *Williams* v. *Rogers* (1896), 110 Mich. 418, 68 N. W. 240; *Guyther* v. *Pettijohn* (1846), 28 N. C. 388, 45 Am. Dec. 499; *Waller* v. *Bowling, supra.* Such being the law, it follows that the facts pleaded which show that appellants obtained the interest of appellee's cotenant and retain the bonds in their possession do not contradict the averment that they converted them to their own use, for it is possible for one cotenant to convert the common property as against the other cotenant, while retaining it in his possession. The specific acts alleged in the complaint are not the acts which constituted the conversion, they are merely acts by which defendants came into possession of the bonds. Even if they came rightfully into possession of them, they could have later converted them. We are not here concerned with the more difficult question of what evidence appellee would have to introduce to prove a conversion. Appellants have not brought the evidence before us, nor asked us to consider its sufficiency to support the decision of the trial court. We are concerned only with a question of pleading, and we hold that the averment of a conversion is sufficient, and that the complaint is good as against the demurrers of appellants for want of facts. The

court might properly have sustained a motion to make 7. the complaint more certain, by setting forth the particulars of the alleged conversion, had such a motion been made by appellants. *Proctor* v. *Cole, supra.*

No error appearing, the judgment is affirmed. It having been made to appear that two of appellants have died since this appeal was taken, the judgment is affirmed as of date of submission.

NOTE.—Reported in 101 N. E. 657. See, also, under (1) 31 Cyc. 324; (2) 2 Cyc. 687; (3) 38 Cyc. 2068, 2069, 2071; (5) 38 Cyc. 84; (6) 38 Cyc. 2032, 2035; (7) 38 Cyc. 2069. As to the scope and effect of writs of error, see 91 Am. Dec. 193. As to conversion of personalty sufficient to sustain action of trover, see 24 Am. St. 795.