## PAGE *v.* JOHNSON.

[No. 14,564. Filed February 21, 1933. Rehearing denied May 19, 1933.]

*Robert Lee Brokenburr*, for appellant.

*Ellis E. Sluss*, for appellee.

KIME, P. J.—Appellee filed a complaint in one paragraph against appellant alleging that defendant (appellant) was indebted to him for hay stored and owned by him in buildings owned and controlled by appellant, "that said hay so stored was sold, used and disposed of by said defendants without the knowledge or consent of said plaintiff," and that "said defendants have neglected and refuse to account or pay to said plaintiff the proceeds received for said hay or any part thereof."

To this complaint appellant filed a demurrer on the ground that same did not state facts sufficient to constitute a cause of action against him. This demurrer was overruled. Trial by court, with a finding and judgment for appellee in the sum of $500.00 and costs.

Appellant filed a motion for a new trial, wherein the causes properly assigned are that "the damages awarded the plaintiff are excessive," and that "the decision of the court is not sustained by sufficient evidence and is contrary to law." The errors properly assigned here are the overruling of the demurrer to appellee's complaint, and the overruling of the motion for a new trial.

The facts, as disclosed by the evidence, are somewhat complicated if followed in all their details. We herewith state them with some omissions but with sufficient accuracy to present the questions involved.

In the year 1929 one Harry Bowser owned and controlled approximately 189 acres of land in Marion County, Indiana, on which there was hay. During said year appellant had entered into an agreement with

Bowser whereby he was given the hay on said land for the cutting of it and the cleaning of the ground. In 1930 appellee entered into a similar agreement with Bowser, made arrangements for the cutting of the hay and became the owner thereof.

The evidence shows that appellee also entered into an agreement with appellant whereby the latter was to cut the hay, handle and finance it for half the hay. A quantity of the hay was stored in buildings owned by appellant. The evidence further shows that some of the hay was sold, and that appellant disposed of the rest by feeding same to his horses. The evidence shows that appellee had not been paid for any part of the hay.

Appellant has directed our attention to various bits of testimony which are somewhat vague, and upon which he alleges appellee has attempted to place an improper construction; also to the alleged absence of evidence on certain vital points.

We have made a careful examination of the record, and although we find the evidence conflicting and hazy on certain matters, we can not disturb the judgment of the trial court for such reasons. That this court will not weigh the evidence when same is conflicting is so well established that a citation of authorities is unnecessary. It is also well settled that evidence on appeal is sufficient if the inferences therefrom are sufficient to support the judgment, and in reviewing the sufficiency of the evidence to sustain the finding of the trial court we must give effect to every reasonable inference which said court may have drawn from the facts proven, and which tends to sustain the court's decision, although such facts may be susceptible of other inferences equally as reasonable. *Miller* v. *Farmers State Bank* (1912), 52 Ind. App. 5, 100 N. E. 119; *Mikels* v. *Citizens Nat. Bank* (1922), 79 Ind. App. 165, 137 N. E. 584.

We find that there is some evidence to sustain every material fact necessary to a recovery. Where there is any evidence to sustain a decision, "it is sufficient on appeal, although it may be strongly contradicted and not entirely satisfactory." *Public Savings Insurance Co. of America* v. *Greenwald* (1918), 68 Ind. App. 609, 118 N. E. 556, 558, 121 N. E. 47.

We think there was sufficient basis to justify the court in rendering a judgment for appellee in the sum of $500.00. There was evidence to the effect that there were 3,780 bales of hay of the average weight of 80 pounds, and of the value of $16.00 per ton. From these facts we think the court would have been justified in assessing appellee's damage at a much greater figure.

Appellant, in the memorandum filed with his demurrer to the complaint herein, has cited many matters which he contends were necessary allegations and were not embodied in the complaint. The complaint, although not a model one, does, however, contain the necessary averments, to wit: (1) The ownership of the property alleged to have been converted; (2) the value of the property converted or the amount of the damages, and (3) the conversion of the property by the defendant. *Bimel* v. *Boyd* (1913), 53 Ind. App. 310, 101 N. E. 657. We hold that the complaint was therefore sufficient to withstand the demurrer.

Finding no reversible error, the judgment of the Marion Superior Court is in all things affirmed.