In re the Marriage of Kent Eugene
POULSON, Appellant–
Respondent,

v.

Tami Kay POULSON, Appellee–
Petitioner.

No. 50A03–9707–CV–261.

Court of Appeals of Indiana.

Feb. 23, 1998.

Evan S. Roberts, Hesch, Rosenberg & Roberts, Nappanee, for Appellant–Respondent.

David R. Holmes, Holmes, Hayes & Walter, Plymouth, for Appellee–Petitioner.

## OPINION

HOFFMAN, Judge.

Appellant-respondent Kent Eugene Poulson ("Husband") appeals the order of the trial court distributing marital assets, which were not distributed in the original dissolution decree, to his former wife, appellee-petitioner Tami Kay Poulson ("Wife"). The evidence relevant to the appeal discloses that the parties were married on April 7, 1979. Two children were born of the marriage: Amy Kay, born September 26, 1981, and Benjamin Eugene, born March 14, 1983. Husband and Wife separated on October 21, 1991, and Wife filed her petition for dissolution of marriage on October 25, 1991. The marriage was dissolved by court order on July 22, 1992, and the marital assets were distributed pursuant to a marital settlement agreement entered into by the parties.

On August 13, 1996, Wife filed a Rule to Show Cause alleging, *inter alia*, that Husband had disposed of the parties' 1966 dune buggy and failed to pay Wife one-half the value. After a hearing on August 15, 1996, the trial court entered findings and ordered Husband to pay $500 to Wife, the sum representing one-half the value of the dune buggy not disposed of in the parties' marriage settlement agreement. Husband now appeals.

The sole issue raised for our review is whether the trial court abused its discretion in awarding Wife one-half the value of the dune buggy.

Husband argues that the trial court erred in awarding Wife one-half the value of the dune buggy, because in so doing, the trial court modified the original dissolution decree. According to Husband, the trial court can only modify a property disposition in a case of fraud, and then only if the fraud is asserted within six years after the order sought to be modified was entered. IND. CODE § 31–1–11.5–17(b) (1993 Ed.).[1] Wife, on the other hand, maintains that IND. CODE § 31–1–11.5–17(b) does not apply. According to Wife, since the parties held the property as tenants by the entirety during their marriage, upon dissolution they became tenants in common by operation of law. Wife, therefore, contends that because Husband disposed of the property without Wife's permission, she was entitled to one-half the property's value.

The Indiana Dissolution of Marriage Act (Act), IND. CODE § 31–1–11.5–10 (1993 Ed.),[2] encourages agreement by the parties as to the disposition of the marital estate. IND. CODE § 31–1–11.5–10(b) provides that the terms of a property settlement, if approved by the dissolution court, shall be incorporated into the dissolution decree. A property settlement that is incorporated into a final dissolution decree and order may not be modified, unless the agreement so provides or the parties subsequently consent. IND. CODE § 31–1–11.5–10(c).

IND. CODE § 31–1–11.5–17(b) governs the modification of property disposition and states that property disposition orders entered under final decrees may not be revoked or modified, except in case of fraud which must be asserted within six years after the order is entered. The strong policy favoring finality, as evidenced by the statute, has multiple purposes including the elimination of vexatious litigation which often accompanies dissolution proceedings. *DeBoer v. DeBoer*, 669 N.E.2d 415, 426 (Ind.Ct.App. 1996), *trans. denied.* The modification of a single item may require adjustment of anoth-

---

1. IND. CODE § 31–1–11.5–17(b) reads as follows: "The orders as to property disposition entered under section 9 [final decrees] of this chapter may not be revoked or modified, except in case of fraud which ground shall be asserted within six (6) years after the order is entered." IND. CODE § 31–1–11.5–17 was repealed and recodified as IND. CODE § 31–15–7–9, enacted by P.L. 1–1997, § 7. However, IND. CODE § 31–15–7–9 has since been repealed by P.L. 197–1997, § 29, effective July 1, 1997 (Burns 1997 Repl.).

2. IND. CODE § 31–1–11.5–10 was repealed and recodified as IND. CODE § 31–15–2–17 (1997 Burns Repl.).

er to avoid inequity or may require reconsideration of the entire property division. *Id.*

However, IND. CODE § 31–1–11.5–17(b) contemplates a situation where one of the parties seeks to set aside the divorce or modify the divorce decree. In the instant case, Wife did not file a petition to set aside or modify the dissolution decree. Instead, she filed a Rule to Show Cause to determine her interest in property not disposed of in the dissolution decree, but subsequently disposed of by Husband.

It has long been held in this state that a final decree of dissolution converts a tenancy by the entirety into a tenancy in common with both spouses taking equal shares. IND. CODE § 32–4–2–2 (1993 Ed.). However, it has also been held that estates by entireties do not exist as to personal property except when such property is directly derived from real estate held by that title. *Koehring v. Bowman*, 194 Ind. 433, 437, 142 N.E. 117, 118 (1924), *trans denied.*

▪ Indiana's joint tenancy statute, IND. CODE § 32–4–1.5–15 (1993 Ed.), governs the ownership rights of property held by two or more persons and states that:

Personal property, other than an account, which is owned by two (2) or more persons is owned by them as tenants in common unless expressed otherwise in a written instrument. However, household goods acquired during coverture and in possession of both husband and wife, and any promissory note, bond, certificate of title to a motor vehicle, or any other written or printed instrument evidencing an interest in tangible or intangible personal property, other than an account, in the name of both husband and wife, shall upon the death of either become the sole property of the surviving spouse unless a clear contrary intention is expressed in a written instrument.

The statute preserves the nineteenth century preference for tenancy in common. *See* 2 Rev.Stat. of 1852, p. 245. However, the statute maintains that certain marital property, including personal property and property that is either paper or evidenced by paper, is excepted and a preference for survivorship between spouses is declared. *Rubeck v. American Fletcher Nat. Bank,* 489 N.E.2d 985, 986 (Ind.Ct.App.1986), *trans denied.* Applying IND. CODE § 32–4–1.5–15 to the instant case, we find that Husband and Wife did not own the dune buggy as tenants by the entirety, but instead owned the property as joint tenants with the right of survivorship.

▪ A joint tenancy is a single estate in property owned by two or more persons under one instrument or act. 17 I.L.E. Joint Tenancy § 1, p. 60 (1959). Upon the death of any one of the tenants, his share vests in the survivors. *Id.* Four requisites must exist to constitute a joint tenancy: (1) the tenants must have one and the same interest; (2) the interests must accrue by one and the same conveyance; (3) the interests must commence at one and the same time; and (4) the property must be held by one and the same undivided possession. *Richardson v. Richardson,* 121 Ind.App. 523, 528, 98 N.E.2d 190, 192–93 (1951), *trans denied.*

▪ Nevertheless, the existence of a joint tenancy in personal property, as created by IND. CODE § 32–4–1.5–15, depends upon the continuation of the marriage relation. Once the dissolution decree is entered and the marriage dissolved, the joint tenancy is severed and changed into a tenancy in common.

▪ An owner in common of personal property may sell his undivided interest, but cannot sell or otherwise dispose of the whole property without authority from his cotenant. *Sims v. Dame,* 113 Ind. 127, 130, 15 N.E. 217, 219 (1888). A cotenant converts the common property to his own use as against his cotenant when he renders impossible any further enjoyment of the property by his cotenant, or directly and positively excludes the cotenant from use of the property. *Bimel v. Boyd,* 53 Ind.App. 310, 314, 101 N.E. 657, 658 (1913). When one owner in common of property converts the whole to his own exclusive use or does something equivalent to an utter denial of the rights of his co-owner, he becomes liable to such co-owner for the injury thereby inflicted. *Sims,* 113 Ind. at 130–31, 15 N.E. at 219.

Here, the evidence of record discloses that the dune buggy was acquired during the

marriage and was titled to both Husband and Wife. The evidence further discloses that the dune buggy was not disposed of in the original dissolution decree. By statute, Indiana law presumes that Husband and Wife owned the personal property as joint tenants. IND. CODE § 32–4–1.5–15. However, upon dissolution of their marriage and upon failure of the property to be disposed of in the original decree, the joint tenancy was severed and Husband and Wife became owners of the dune buggy as tenants in common with each spouse sharing equally in the property.

Therefore, because Husband disposed of the dune buggy without Wife's permission and failed to deliver any part of the value to Wife, Wife was entitled to one-half the value of the dune buggy. The trial court did not err in so awarding.

The judgment of the trial court is affirmed.

Affirmed.

GARRARD and BARTEAU, JJ., concur.